**COPY**

1  DENNIS J. HERRERA, State Bar #139669
   City Attorney
2  JOANNE HOEPER, State Bar #114961
   Chief Trial Deputy
3  SCOTT D. WIENER, State Bar #189266
   Deputy City Attorney
4  Fox Plaza
   1390 Market Street, 6th Floor
5  San Francisco, California 94102-5408
   Telephone:    (415) 554-4283
6  Facsimile:    (415) 554-3837

7  Attorneys for Defendant
   CITY AND COUNTY OF SAN FRANCISCO

8

ORIGINAL
FILED

MAY 3 0 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT.
NORTHERN DISTRICT OF CALIFORNIA

CW

9                    UNITED STATES DISTRICT COURT

10                   NORTHERN DISTRICT OF CALIFORNIA

CV 08          2736

11  RAY M. MILES,                          Case No.

12             Plaintiff,                  **NOTICE OF REMOVAL OF ACTION**
                                           **UNDER 28 U.S.C. § 1441 (FEDERAL**
13        vs.                              **QUESTION JURISDICTION AND**
                                           **SUPPLEMENTAL JURISDICTION)**
14  CITY AND COUNTY OF SAN                 **BY DEFENDANT CITY AND COUNTY**
    FRANCISCO, MARIE KIM and DOES 1        **OF SAN FRANCISCO (28 U.S.C. §§**
15  TO 100, inclusive,                     **1441, 1446)**

16             Defendants.                 **DEMAND FOR JURY TRIAL**

17                                         Date Action Filed:   January 16, 2008
                                           Trial Date:          None Set
18

19

20

21

22

23

24

25

26

27

28

TO THE CLERK OF THE ABOVE COURT AND TO PLAINTIFF AND HIS COUNSEL OF RECORD:  NOTICE IS HEREBY GIVEN that the City and County of San Francisco ("City"), named as a defendant in the above-captioned action, No. 471145 in the files and records of the Superior Court of California for the County of San Francisco, hereby removes said action to the United States District Court for the Northern District of California, pursuant to 28 U.S.C. sections 1441 and 1446, and is filing in said Superior Court a Notice of Removal.

The City, pursuant to 28 U.S.C. §§1441 and 1446, presents the following facts to the Judges of the United States District Court for the Northern District of California:

A civil action bearing the above-caption was commenced in the Superior Court of California for the County of San Francisco, as case number 471145, and is pending therein.  The complaint was served on the City and County of San Francisco on May 1, 2008.  The complaint includes a claim for alleged violation of plaintiff's federal constitutional rights under 42 U.S.C. section 1983 and further includes a claim for alleged violation of plaintiff's federal statutory rights under the Americans With Disabilities Act.

This action is one that may properly be removed to this Court pursuant to 28 U.S.C. sections 1441(a) and (b), because the complaint alleges violation of plaintiff's federal constitutional and statutory rights, and federal question jurisdiction therefore exists.

To the extent that plaintiff's complaint alleges a claim or cause of action other than violation of rights under the laws of the United States, supplemental jurisdiction exists, and said causes of action may be removed and adjudicated by this Court pursuant to 28 U.S.C. §1441(c).

Pursuant to 28 U.S.C. §1446(b), copies of the process, pleadings and other orders served upon the City in this action are attached as Exhibit A.  The City's answer is attached as Exhibit B.

Defendant Marie Kim has not been served and therefore does not join in this petition.

WHEREFORE, defendant City and County of San Francisco prays that the above action now pending in the Superior Court of California for the County of San Francisco be removed in its entirety to this Court for all further proceedings.

## **DEMAND FOR JURY TRIAL**

The City demands a trial by jury in this action.

Dated:  May 29, 2008

                              DENNIS J. HERRERA
                              City Attorney
                              JOANNE HOEPER
                              Chief Trial Deputy
                              SCOTT D. WIENER
                              Deputy City Attorney

By:                            
                              SCOTT D. WIENER
                              Attorneys for Defendant
                              CITY AND COUNTY OF SAN FRANCISCO

**EXHIBIT A**

07-03304

# SUMMONS
## (CITACION JUDICIAL)

RECEIVED
MAYOR'S OFFICE

08 MAY -1 PM 2: 19

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)
ENDORSED
SAN FRANCISCO COUNTY
SUPERIOR COURT

2008 JAN 16 AM 12: 38

GORDON PARK-LI, CLERK

BY: _____

DEPUTY CLERK

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
City and County of San Francisco, Marie Kim and Does
1 to 100, inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Ray M. Miles

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is: Superior Court of San Francisco
*(El nombre y dirección de la corte es):*
400 McAllister Street

CASE NUMBER
*(Número del caso):*  CGC-08-471145

San Francisco                          CA     94114
The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Gregory F. Winslow, Esq.               415/621-2131        100495
230 Noe Street
San Francisco                          CA     94114

DATE:     JAN 1 6 2008              Clerk, by _____, Deputy
*(Fecha)*                          *(Secretario)*   ELIAS BUTT   *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served     C.C.S.F.
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☒ CCP 416.90 (authorized person)

   ☐ other *(specify):*
4. ☒ by personal delivery on *(date):*  5-1-08

[SEAL]

Form Adopted for Mandatory Use
Judicial Council of California

Page 1 of 1

1  WINSLOW & HURTUBISE
   Gregory F. Winslow (100495)
2  Jerry A. Hurtubise (95180)
   230 Noe Street
3  San Francisco, CA 94114
   Telephone (415) 621-2131
4                         CASE MANAGEMENT CONFERENCE SET
   Attorneys for Plaintiff, Ray M. Miles
5
                              JUN 2 0 2008 · 9:00 AM
6
7                          DEPARTMENT 212
8               SUPERIOR COURT, STATE OF CALIFORNIA,
9                       UNLIMITED JURISDICTION
10               CITY AND COUNTY OF SAN FRANCISCO
11

12                                    )   No. CV014528
                                      )   CGC-08-471145
13  RAY M. MILES,                     )
                                      )
14                  Plaintiff,        )   COMPLAINT FOR DAMAGES AND
                                      )   INJUNCTIVE RELIEF
15                                    )
    vs.                               )   1. Civil Rights (42 U.S.C. §§1983, 1988
16                                    )   2. ADA, Title II, 42 U.S.C. §§12131, et seq.
                                      )   3. Unruh Civil Rights Act (CC §51)
17                                    )   4. Violence and Intimidation (CC §51.7)
    CITY AND COUNTY OF SAN FRANCISCO, )   5. Disabled Persons Act (CC §§54, 54.1)
18  MARIE KIM and DOES 1 TO 100, inclusive, ) 6. Assault
                                      )   7. Battery
19                  Defendants.       )   8. False Imprisonment
                                      )   9. Intentional Infliction of Emotional Distress
20                                    )   10. Negligence
                                      )   11. Negligent Infliction of Emotional Distress
21                                    )
22  _____  )

23                          FIRST CAUSE OF ACTION
24                        (Civil Rights 42 U.S.C. §1983)
25          As and for a First Cause of Action, the plaintiff RAY MICHAEL MILES alleges against
    defendants CITY AND COUNTY OF SAN FRANCISCO, MARIE KIM and Does 1 through 100,
26  inclusive:
27
28

WINSLOW &
HURTUBISE
230 Noe St
San Francisco
CA 94114
415-621-2131

1.     At all relevant times the plaintiff, Ray Michael Miles, was a competent adult citizen of the United States residing in the City and County of San Francisco, California.

2.     The plaintiff is a 49-year-old African-American.

3.     The plaintiff is mentally disabled with cognitive and psychological impairments the manifestations of which include poor communication skills, disheveled clothing and an unkempt appearance.

4.     At all relevant times, the plaintiff is, and was "a person with a disability" as this term is used under the laws of the State of California, including, but not limited to, California Government Code §12926 and 12926.1, and of the laws of the United States including, but not limited to, the Americans with Disabilities Act of 1990, 42 U.S.C. §12102(2).

5.     Defendant City and County of San Francisco (hereinafter referred to as, "CCSF") is a chartered city and county organized and existing under the laws of the State of California.

6.     At all relevant times, the CCSF owned, operated, managed and controlled a public transportation system commonly known as "The Municipal Railway" (hereinafter referred to as the "MUNI").

7.     MUNI is a common carrier offering transportation to the public including, but not limited to, transport, services, accommodations, advantages, and facilities to the public on public roads and highways within the City and County of San Francisco for payment of a fare.

8.     The plaintiff is informed and believes and based upon that information and belief alleges that, at all relevant times, during the conduct alleged herein, MUNI personnel were acting within the scope of their employment for the defendant CCSF and pursuant to CCSF's policies, procedures and practices.

9.     At all relevant times, the San Francisco Police Department (hereinafter, "SFPD") was an integral part of the CCSF the purpose of which was to provide law enforcement services.

10.     Plaintiff is informed and believes and based upon that information and belief alleges that at all relevant times, the CCSF employed, directed and assigned police officers to aid and assist MUNI coach operators in the event of a dispute with a passenger.

WINSLOW &
HURTUBISE
230 Noe St
San Francisco
CA 94114
415-621-2131

11.    The plaintiff is informed and believes and based upon that information and belief alleges that, at all relevant times, during the conduct alleged herein, the SFPD officers were acting within the scope of their employment as peace officers for the defendant CCSF and pursuant to CCSF's policies, procedures and practices.

12.    Defendant Marie Kim (hereinafter referred to as "Kim") is a natural person residing in the State of California.

13.    At all relevant times, Kim is, and was employed by Defendant City and County of San Francisco as a coach operator for MUNI on the 22-Filmore route.

14.    The plaintiff is informed and believes and based upon that information and belief alleges that, at all relevant times, during the conduct alleged herein, defendant Kim was acting within the scope of her employment as a coach operator for the defendant CCSF and pursuant to CCSF's policies, procedures and practices.

15.    Defendants Doe 1 through Doe 100, inclusive, are sued herein under fictitious names. Their true names and capacities are unknown to plaintiff.  When their true names and capacities are ascertained, plaintiff will amend this complaint by inserting their true names and capacities herein. Plaintiff is informed and believes and based upon said information and belief alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that plaintiff's damages as herein alleged were proximately caused by those defendants.  Each reference in this complaint to "defendant," "defendants," or a specifically named defendant refers also to all defendants sued under fictitious names.

16.    Plaintiff is informed and believes and based upon that information and belief alleges that at all relevant times, Defendants Doe 1 through 25, inclusive, were employees of the CCSF working at MUNI.

17.    Plaintiff is informed and believes and based upon that information and belief alleges that at all relevant times, Defendants Doe 26 through 50 were employees of the CCSF working at the San Francisco Police Department.

///

///

WINSLOW &
HURTUBISE
200 Noe St
San Francisco
CA 94114
415-621-2131

18.    At all relevant times, defendants, and each of them, were subject to the provisions of the Fourth and Fourteenth Amendments to the United States Constitution, the federal Americans with Disabilities Act of 1990 42, Title II, U.S.C. §12131, et seq. California Civil Code §§ 51., 51.7, 52.3, 54, 54.1 and to all other legal requirements referred to herein.

19.    Plaintiff is informed and believes and based upon that information and belief alleges that at all relevant times, the CCSF employed and assigned Kim to operate, maintain and control a MUNI motor coach on the "22-Filmore" bus line.

20.    Plaintiff is informed and believes and based upon that information and belief alleges that at all relevant times, defendant Kim operated a MUNI motor coach on the 22-Filmore line with the express authorization, consent, permission and knowledge of defendants CCSF and Does 1 through 25, inclusive.

21.    Plaintiff is informed and believes and based upon that information and belief alleges that commencing on or before May 26, 2004, the defendants, and each of them, engaged in a pattern and practice of interfering with, and denying to the plaintiff equal access to public accommodations and transportation services provided by the MUNI coaches Kim was operating, including, but not limited to, the following:

a.    May 26, 2004 at 16th and Mission Streets, San Francisco;

b.    May 28, 2004 at 16th and Church Streets, San Francisco;

c.    May 30, 2004 at 16th and Mission Streets, San Francisco;

d.    January 19, 2006 at Church and Market Streets, San Francisco;

e.    December 12, 2006 at 16th and Mission Streets, San Francisco;

f.    December 29, 2006 at 16th and Mission Streets, San Francisco;

g.    January 2, 2007 at Church and Market Streets, San Francisco;

h.    January 3, 2007 at 16th and Mission Streets, San Francisco;

i.    January 9, 2007 at 16th and Mission Streets, San Francisco;

j.    January 9, 2007 at 16th and Mission Streets, San Francisco;

k.    January 10, 2007 at Church and Market Streets, San Francisco;

l.    January 16, 2007 at 16th and Mission Streets, San Francisco;

WINSLOW &
HURTUBISE
230 Noe St
San Francisco
CA 94114
415-621-2131

1    m.  January 17, 2007 at 16th and Mission Streets, San Francisco;

2    n.  March 15, 2007 at 16th and Mission Streets, San Francisco;

3    o.  March 20, 2007 at 16th and Mission Streets, San Francisco; and

4    p.  November 30, 2007 at 16th and Mission Streets, San Francisco.

5    22.    During each of these above-described occasions, the plaintiff had attempted to lawfully

6    gain access to a "22-Filmore" MUNI coach operated by defendant Kim, violated no laws, rules or

7    regulations and engaged in no conduct that would justify Kim's interference with the plaintiff's right to

8    equal enjoyment and access to public transportation.

9    23.    In addition to the incidents identified above, on or about ten occasions within the past

10   two years, the plaintiff was prepared to board a 22-Filmore coach, but stopped boarding when he

11   discovered that defendant Kim was operating the coach because he was intimidated by previous

12   interferences with his right to access Kim's coach and feared of public humiliation, personal injury and

13   unlawful imprisonment by MUNI and SFPD personnel should he attempt to access Kim's coach.

14   24.    During each of the above-described incidents, Kim undertook affirmative actions to

15   actively interfere with the plaintiff's rights to equal access to public transportation including, but not

16   limited to:

17   a.  During two incidents, Kim personally assaulted and battered the plaintiff (May 26, 2004

18       and January 10, 2007);

19   b.  During most incidents within the past two years, Kim verbally assaulted and publicly

20       humiliated the plaintiff, by angrily ordering him off the coach using names such as,

21       "stupid" and "asshole" in front of other passengers as she forced him to leave the coach;

22   c.  During several incidents within the past two years, Kim incited the passengers to

23       verbally attack and physically assault and batter the plaintiff in efforts to force him to

24       leave the coach;

25   d.  During one incident within the past three years, Kim incited a third-party passenger to

26       assault, threaten, intimidate and force the plaintiff out of the coach;

27   e.  On both December 29, 2006, and November 11, 2007, notwithstanding the fact that

28       defendants, and each of them, knew that there was no justification or legal right to

WINSLOW &
HURTUBISE
230 Noe St
San Francisco
CA 94114
415-621-2131

interfere with the plaintiff's right to full enjoyment and equal access to public transportation, defendant Kim and the SFPD, Officer Does 26 to 50 inclusive, ordered the plaintiff out of Kim's MUNI coach after he had lawfully boarded. The defendants seized and handcuffed the plaintiff, physically removed him from the MUNI coach and forced him to remain outside the coach in handcuffs for an appreciable period of time, in full public view. During these two incidents, Kim and Officer Does 26 to 50, inclusive, acted without probable cause, reasonable suspicion, or any legal justification to assault, batter, detain and imprison the plaintiff. After Kim's coach had departed, the plaintiff was released without charges being filed.

    f.   During most incidents within the past two years, Kim ordered the plaintiff off the bus and took the bus out of service until the plaintiff complied or was forced to comply with her order;

    g.   During one incident, January 9, 2007, Kim failed to stop her coach at a scheduled bus stop when the plaintiff was the only passenger waiting to board.

25.    Plaintiff is informed and believe and based upon that information and belief alleges that at the time of the above-described events, and at all other pertinent times, the defendants had no warrant for the arrest of the plaintiff or other facts or information that constituted probable cause that plaintiff had ever committed or was about to commit a crime, infraction or MUNI rule violation, so as to provide grounds for interference with his right to full and equal access to public transportation or to support a lawful detention, a lawful physical restraint, a lawful imprisonment or a lawful removal from the coach.

26.    During the initial part of the above-described incident of November 11, 2007, the plaintiff used a tape-recorder to create an audio record of the incident.

27.    During the seizure and detention of the plaintiff on November 11, 2007, Officer Does 26 to 50, inclusive, took the above-described tape-recorder and the tape creating an audio record of the November 11, 2007 incident.

28.    At the time the tape-recorder was taken from the plaintiff, the plaintiff informed the police that it contained a record of the incident with defendant Kim.

WINSLOW &
HURTUBISE
230 Noe St
San Francisco
CA 94114
415-621-2131

29.    Upon the plaintiff's release at the scene following the November 11, 2007 incident, the Officer Does 26 to 50, inclusive, returned the plaintiff's tape-recorder, but without justification or probable cause refused to return the audio tape record to the plaintiff following the incident.

30.    The plaintiff is informed and believe and based upon that information and belief alleges that the Officer Does 26 to 50, inclusive, seized and refused to return the plaintiff's audio tape record of the incident to control and destroy evidence of their own wrongdoing and the wrongdoing of defendant Kim in order to limit the plaintiff's ability to seek legal redress for the defendants unlawful and unconstitutional conduct.

31.    Plaintiff is informed and believes and based upon that information and belief alleges that at all relevant times, as a pattern and practice, the CCSF trained, permitted and authorized coach operators, including Kim, to interfere with an individual's right to access public transportation based on the individual's appearance alone without any further legal justification, reason or basis.

32.    Plaintiff is informed and believes and based upon that information and belief alleges that at all relevant times, as a pattern and practice, the CCSF failed to establish non-discriminatory standards and criteria for coach operators to determine if there is legal cause to justify interference with an individual's right to access public transportation.

33.    Plaintiff is informed and believes and based upon that information and belief alleges that at all relevant times, as a pattern and practice, MUNI permitted, trained, supported and encouraged individual MUNI coach operators to establish and enforce their own standards and criteria to determine whether there is legal cause to justify the interference with an individual's right to access her coach and that these standards are variable and arbitrary.

34.    Plaintiff is informed and believes and based upon that information and belief alleges that at all relevant times, based upon her own access standards, defendant Kim arbitrarily denied and continues to deny access to her MUNI coach if she believes that the passenger intends to board the bus without a specific destination.

///

///

WINSLOW &
HURTUBISE
230 Noe St
San Francisco
CA 94114
415-621-2131

35.     Plaintiff is informed and believes and based upon that information and belief alleges that at all relevant times, as a pattern and practice, defendant Kim determines a passenger's eligibility to ride in her coach based upon the passenger's race, communication skills, dress and physical appearance.

36.     Plaintiff is informed and believes and based upon that information and belief alleges that at all relevant times, defendant Kim interfered with the plaintiff's access to her coach based upon the plaintiff's African American race, poor communication skills, old and disheveled clothing and unkempt appearance.

37.     Plaintiff is informed and believes and based upon that information and belief alleges that Kim's conduct was motivated by an animosity towards the mentally disabled and African Americans.

38.     Plaintiff is informed and believes and based upon that information and belief alleges that at all relevant times, defendant Kim and Does 1 through 25, inclusive, were operating, managing, supervising and directing Kim and establishing or failing to establish policies and procedures regarding access to MUNI transportation services.

39.     The plaintiff is informed and believes and based upon that information and belief alleges that, at all relevant times, it was the official policy, pattern and practice of CCSF that, in the event of a dispute between a MUNI operator and a passenger, the SFPD would offer close support and assistance to MUNI operators.

40.     The plaintiff is informed and believes and based upon that information and belief alleges that it was the practice, procedure and policy of the CCSF for SFPD police officers to intervene upon request in disputes between a MUNI operator and a passenger.  These practices, procedures and policies included, but were not limited to:

   a.   For SFPD officers to intervene on the side of MUNI operators against the passenger regardless of the facts;

   b.   For SFPD officers to accept as fact the statement of the MUNI operator without investigation and to thereafter arrest and imprison the passenger based upon the MUNI operator's statement;

WINSLOW &
HURTUBISE
230 Nee St
San Francisco
CA 94114
415-621-2131

c. For SFPD officers to be unreasonably and excessively aggressive with the use of force, arrest and imprisonment against passengers;

d. For SFPD officers to unfairly and inaccurately report the incident so as to exonerate the MUNI operator and blame the passenger for any dispute.

e. For SFPD officers to seize and suppress evidence regarding the incident that is perceived as possibly unfavorable to the MUNI operator and/or the CCSF;

f. For SFPD officers to intentionally fail to interview witnesses perceived to be favorable to the passenger.

41. Plaintiff is informed and believes and based upon that information and belief alleges that at all relevant times that the CCSF knew of the above-described practice and permitted, ratified and sanctioned the practice by failing to act to stop the practice and by not punishing those CCSF employees engaged in the practices.

42. Plaintiff is informed and believes and based upon that information and belief alleges that the conduct of the SFPD was motivated by the policy and practice to assist MUNI operators, as alleged above.

43. Plaintiff is informed and believes and based upon that information and belief alleges that, at all relevant times, the defendants, and each of them, knew that disabled individuals rely upon MUNI's public transportation system.

44. Plaintiff is informed and believes and based upon that information and belief alleges that, at all relevant times, the defendants, and each of them, knew that poor communication skills, old and disheveled clothing and an unkempt appearance are often manifestations of a mental disability.

45. Plaintiff is informed and believes and based upon that information and belief alleges that, at all relevant times, CCSF knew that the plaintiff was mentally disabled by virtue of a determination of disability by the CCSF Human Services Agency and payment of assistance to the plaintiff from the CCSF since 2003. CCSF was further aware of the plaintiff's disability when it accepted reimbursement of the money it paid to the plaintiff by the Social Security Administration based upon it June 30,2007 retro-active determination of back to August 1, 2003.

WINSLOW &
HURTUBISE
230 Noe St
San Francisco
CA 94114
415-621-2131

46.    Plaintiff is informed and believes and based upon that information and belief alleges that defendant CCSF knew that Kim was interfering with the plaintiff's right to equal access to public transportation because the plaintiff reported this fact to MUNI "Supervisors", including Does 1 to 25, inclusive on May 29, 2004, May 30, 2004, December 29, 2006, January 9, 2007 and January 17, 2007.

47.    Plaintiff is informed and believes and based upon that information and belief alleges that it was the responsibility of the MUNI Supervisors including Does 1 to 25, inclusive, to investigate and adjudicate disputes between passengers and coach operators.

48.    Plaintiff is informed and believes and based upon that information and belief alleges that, during the above-alleged incidents, MUNI Supervisors investigated the circumstances and determined that Kim's interference with the plaintiff's right to transportation was appropriate and ratified, approved and condoned Kim's conduct towards the plaintiff.

49.    Plaintiff is informed and believes and based upon that information and belief alleges that CCSF knew of Kim's above-described pattern and practice and permitted, ratified, encouraged, condoned, supported and adopted Kim's actions to interfere with the plaintiff's right to access public transportation.

50.    Plaintiff is informed and believes and based upon that information and belief alleges that defendant CCSF failed to establish a nondiscriminatory criteria, policy, practice and procedure for mentally disabled access to MUNI transportation.

'51;    As a direct, proximate and legal result of the discriminatory conduct of the defendants, to interfere with the plaintiff's access to public transportation and accommodations, the plaintiff was caused to suffer a deprivation of the right to equal protection under the law and a deprivation of the rights, privileges and immunities accorded to the plaintiff under the Fourteenth Amendment to the United States Constitution.

52.    As a direct, proximate and legal result of the defendants conduct to seize, restrain, search and detain the plaintiff and to seize the plaintiff and his audio tape record during the incidents of December 29, 2006 and November 27, 2007, respectively, the plaintiff was caused to suffer a deprivation of the right to be free from search and seizure without probable cause under the Fourth Amendment to the United States Constitution.

WINSLOW &
HURTUBISE
200 Nne St
San Francisco
CA 94114
415-621-2131

53.    As a direct, proximate and legal result of the conduct of the defendants to interfere with the plaintiff's right to equal access to public transportation on the basis of his race and mental disability, the plaintiff was caused to suffer a loss of rights guaranteed to him under the Americans with Disabilities Act of 1990, Title II, 42 U.S.C. §12131-12150 "Prohibition against Discrimination in Public Transportation."

54.    As a direct and proximate result of the acts and omissions of the defendants, and each of them, over the past two years, the plaintiff was caused to suffer and continues to suffer, psychological trauma and shock, humiliation and embarrassment, extreme mental and emotional distress.

55.    As a further direct and proximate result of the acts and omissions of the defendants, and each of them, over the past two years, the plaintiff was caused to suffer fear of harmful or offensive physical contact and suffered such harmful and offensive physical contact resulting in personal injury.

56.    As a further direct and proximate result of the acts and omissions of the defendants, and each of them, over the past two years, the plaintiff employed and will continue to employ medical providers in the future and caused the plaintiff to incur medical fees and expenses in the past and he will continue to incur medical fees and expenses in the future.

57.    As a further direct and proximate result of the acts and omissions of the defendants, and each of them, over the past two years, the plaintiff was caused to suffer great inconvenience, loss of time and loss of effort.

'58,    As a further direct and proximate result of the acts and omissions of the defendants, and each of them, over the past two years, the plaintiff was caused to employ and continue to employ attorneys and to incur fees and expenses in order to protect and vindicate his legal rights.

59.    As a further direct and proximate result of the acts and omissions of the defendants, and each of them, the plaintiff was caused to suffer the loss of an audio cassette with a record of the incident of November 11, 2007.

60.    As alleged above, defendants' persistent and intentional interference with the plaintiff's right of access to public transportation over the past two years based solely upon his race and disability was despicable and demonstrated an intent to injure the plaintiff such as to constitute malice and to justify the award of exemplary and punitive damages against non-public entity defendants.

WINSLOW &
HURTUISE
230 Noe St
San Francisco
CA 94114
415-621-2131

61.    As alleged above, defendants' conduct over the past two years toward the plaintiff was carried out with a willful and conscious disregard for the law and the rights of the plaintiff and of other mentally disabled persons and was oppressive in that such conduct subjected the plaintiff to cruel and unjust hardship in conscious disregard for the law and plaintiff's rights and justifies the award of exemplary and punitive damages against non-public entities under California Civil Code §3294.

62.    As a result of the defendants' intentional interference with the plaintiff's right to equal access to MUNI transportation over the past two years, the plaintiff has continually been denied his rights to full and equal enjoyment of public transportation. It has been and will continue to be a futile gesture on the part of the plaintiff to attempt to gain access to coaches operated by defendant Kim or to complain to the CCSF.

63.    The acts and omissions of the defendants over the past two years, as alleged herein, interfere with the plaintiff's right to access public transportation and fail to establish a nondiscriminatory criteria, policy practice and procedure for providing access to MUNI transportation to the mentally disabled. These acts and omissions are continuing on a day-to-day basis and have the continuing effect of wrongfully and willfully excluding the plaintiff and other members of the public who are mentally disabled from full and equal enjoyment and access to MUNI transportation as hereinabove described. Such acts and omissions are the continuing cause of humiliation, severe mental and emotional suffering, assault, battery and false imprisonment as the defendants continue to treat the plaintiff as inferior and discriminate against him on the basis that he is mentally disabled and an African American.

64.    The plaintiff is unable so long as such acts and omissions of the defendants continue, to achieve full and equal enjoyment and access to MUNI transportation services as described above. The acts of the defendants, and each of them, have proximately caused and will continue to cause irreparable injury to the plaintiff if not enjoined by this court.

65.    Wherefore, the plaintiff asks this court to preliminarily and permanently:

        a.    Enjoin any continuing interference with the rights of the plaintiff and those similarly situated to equal enjoyment and access to MUNI transportation services;

WINSLOW &
HURTUBISE
230 Noe St
San Francisco
CA 94114
415-621-2131

b.  Require the defendants to comply forthwith with the applicable constitutional and statutory requirements relating to full and equal enjoyment and access to public transportation as described above; and

c.  Require that CCSF adopt a rational, nondiscriminatory standards and criteria for determining when and if interference with a persons right to access public transportation is justified.

WHEREFORE plaintiff prays for relief as is set forth in the Prayer for Relief, below.

## SECOND CAUSE OF ACTION
(Americans with Disabilities Act, 42 U.S.C. §12101, et seq.)

As and for a Second Cause of Action, plaintiff alleges against the defendants, and each of them:

66.    Plaintiff hereby refers to and incorporates herein by this reference paragraphs 1 through 65, inclusive, as though set forth fully herein.

67.    Title II of the Americans with Disabilities Act of 1990, 42 U.S.C. §§12131, et seq. prohibits interference with an individuals right to full enjoyment and access to public transportation on the basis of race or disability.

68.    As a direct, legal and proximate result of the conduct of the defendants, and each of them, the plaintiff was caused to suffer the loss of rights as guaranteed by Title II of the Americans with Disabilities Act of 1990, 42 U.S.C. §§12132, entitling the plaintiff to damages, punitive damages, injunctive relief and attorney fees.

69.    As a direct, legal and proximate result of the conduct of the defendants, and each of them, over the past two years, the plaintiff was caused to suffer the damages as described above.

70.    Wherefore, the plaintiff asks this court to preliminarily and permanently enjoin the defendants, and each of them, as requested above.

WHEREFORE plaintiff prays for relief as is set forth in the Prayer for Relief, below.

///

///

///

WINSLOW &
HURTUBISE
230 Nob St
San Francisco
CA 94114
415-821-2131

## THIRD CAUSE OF ACTION
### (Unruh Civil Right Act, Cal. Civil Code §51)

As and for a Third Cause of Action, plaintiff alleges against the defendants, and each of them:

71.    Plaintiff hereby refers to and incorporates herein by this reference paragraphs 1 through 68, inclusive, as though set forth fully herein.

72.    Plaintiff is informed and believes and based upon that information and belief alleges that MUNI is a "business establishment" as that term is used in California Civil Code §51(b).

73.    As a direct, legal and proximate result of the above-alleged conduct of the defendants, and each of them, over the past two years, the plaintiff was deprived of full and equal accommodations, advantages, facilities, privileges and services provided by MUNI in violation of the Unruh Civil Rights Act, California Civil Code §51(b).

74.    The conduct of the defendants, and each of them, as alleged herein constituted a violation of the right of an individual under the Americans with Disabilities Act of 1990 (California Civil Code §51(f)) in violation of California Civil Code §51(b).

75.    By virtue of the defendants' conduct in denying, aiding and inciting the denial of the plaintiff's rights and discriminating in violation of California Civil Code §51, the plaintiff is entitled to treble the amount of actual damages, but in no case less than four thousand dollars ($4,000) and attorney fees.

76.    As a direct, legal and proximate result of the conduct of the defendants, and each of them, over the past two years, the plaintiff was caused to suffer the damages as described above.

77.    Wherefore, the plaintiff asks this court to preliminarily and permanently enjoin the defendants, and each of them, as requested above, pursuant to Civil Code §52.1.

WHEREFORE plaintiff prays for relief as is set forth in the Prayer for Relief, below.

///

///

///

///

WINSLOW &
HURTUBISE
330 Noe St
San Francisco
CA 94114
415-621-2131

1

2
## FOURTH CAUSE OF ACTION
(Cal. Civil Code §51.7, Freedom from Violence or Intimidation)

3
As and for a Fourth Cause of Action, plaintiff alleges against the defendants, and each of them:

4
78.    Plaintiff hereby refers to and incorporates herein by this reference paragraphs 1 through

5
68, inclusive, as though set forth fully herein.

6
79.    At all relevant times, California Civil Code §51.7 was in full force and effect and

7
established the plaintiff's right to be free from violence and intimidation by threat of violence against

8
him because of his race and disability.

9
80.    The conduct of the defendant defendants, and each of them, as alleged above over the

10
past three years, violated the plaintiff's rights pursuant of California Civil Code §51.7(a).

11
81.    By virtue of the defendants' conduct in denying, aiding and inciting the denial of the

12
plaintiff's rights and discriminating in violation of California Civil Code §51.7, the plaintiff is entitled

13
to punitive damages, a civil penalty of twenty-five thousand dollars ($25,000) for each violation and

14
attorney fees.

15
82.    Wherefore, the plaintiff asks this court to preliminarily and permanently enjoin the

16
defendants, and each of them, as requested above, pursuant to Civil Code §52.1.

17
83.    As a direct, legal and proximate result of the conduct of the defendants, and each of

18
them, the plaintiff was caused to suffer the damages as described above.

19
WHEREFORE plaintiff prays for relief as is set forth in the Prayer for Relief, below.

20

21
## FIFTH CAUSE OF ACTION
(Disabled Person Act, Cal. Civil Code §54, §54.1)
(Right to access public facilities and transportation)

22

23
As and for a Fifth Cause of Action, plaintiff alleges against the defendants, and each of them:

24
84.    Plaintiff hereby refers to and incorporates herein by this reference paragraphs 1 through

25
68, inclusive, as though set forth fully herein.

26
85.    The Disabled Person Act, Civil Code §§ 54 and 54.1, establish the plaintiff's rights to

27
full and free access to public facilities and public transportation, respectively.

28

WINSLOW &
HURTUBISE
230 Roe St
San Francisco
CA 94114
415-621-2131.

86.    The conduct of the defendants, and each of them, as alleged herein constituted a violation of the right of an individual under the Americans with Disabilities Act of 1990 in violation of California Civil Code §54(c) and §54.1(a)(3).

87.    The above-alleged conduct of the defendants, and each of them, constituted an interference with, and denial of, the plaintiff's full and free use of streets and public transportation facilities in violation of California Civil Code §54.

88.    The above-alleged conduct of the defendants, and each of them, constituted an interference with, and denial of, the plaintiff's full and equal access, as enjoyed by other members of the general public, to MUNI's accommodations, advantages, facilities and privileges of all common carriers and other public conveyances in violation of California Civil Code §54.1.

89.    By virtue of the defendants' conduct in denying and interfering with admittance to and enjoyment of the public MUNI transportation facilities in violation of California Civil Code §54.1, the plaintiff is entitled to up to a maximum of three times the amount of his actual damages, but in no case less than one thousand dollars ($1,000) and attorney fees.

90.    As a direct, legal and proximate result of the conduct of the defendants, and each of them, the plaintiff was caused to suffer the damages as described above.

91.    Wherefore, the plaintiff asks this court to preliminarily and permanently enjoin the defendants, and each of them, as requested above, pursuant to Civil Code §54.3.

'WHEREFORE plaintiff prays for relief as is set forth in the Prayer for Relief, below.

## SIXTH CAUSE OF ACTION
### (Assault)

As and for a Sixth Cause of Action, plaintiff alleges against the defendants, and each of them:

92.    Plaintiff hereby refers to and incorporates herein by this reference paragraphs 1 through 65, inclusive, as though set forth fully herein.

93.    On June 28, 2007, filed a "Claim against the City and County of San Francisco" and a First Amended Claim Against the City and County of San Francisco" and, in so doing, the plaintiff complied with the claim requirements of Government Code §§910, et seq. with regard to non-constitutional state law claims arising out of the December 29, 2007 incident, as alleged below (Causes

WINSLOW &
HURTUBISE
230 Noe St
San Francisco
CA 94114
415-621-2131

1 of Action Six through Eleven, herein); said First Amended Claim was rejected in a writing dated July

2 16, 2007.

3     94.    Notwithstanding the fact that defendants, and each of them, knew that Kim had no

4 justification or legal right to order the plaintiff to leave her coach, on December 29, 2006 Kim and

5 Officer Does 26 to 50 inclusive, intentionally placed the plaintiff in fear of harmful and offensive

6 physical contact with his person for the purpose of unlawfully forcing him to leave the coach.

7     95.    As a direct, legal and proximate result of the conduct of the defendants, and each of

8 them, the plaintiff was placed in apprehension of harmful and offensive physical contact with his

9 person.

10     96.    The plaintiff did not consent to the above-described assault.

11     97.    As a direct, legal and proximate result of the conduct of the defendants, occurring on

12 December 29, 2006, the plaintiff was caused to suffer personal injury, pain, suffering, severe emotional

13 and mental distress, humiliation, public ridicule, inconvenience and general damages described above.

14     WHEREFORE plaintiff prays for relief as is set forth in the Prayer for Relief, below.

15

16
### SEVENTH CAUSE OF ACTION
(Battery)

17

18 As and for a Seventh Cause of Action, plaintiff alleges against the defendants, and each of
them:

19     98,    Plaintiff hereby refers to and incorporates herein by this reference paragraphs 1 through

20 65, inclusive, as though set forth fully herein.

21     99.    On December 29, 2006, Defendant Kim and Officer Does 26 to 50, inclusive, intended

22 to make harmful and offensive contact with the plaintiff for the purpose of unlawfully removing him

23 from defendant Kim's MUNI coach and interfering with his right to access public transportation.

24     100.    The plaintiff did not consent to the above-described battery.

25     101.    As a direct, legal and proximate result of the conduct of the defendants, and each of

26 them, the plaintiff suffered harmful and offensive physical contact with his person.

27

28

WINSLOW &
HURTUBISE
230 Noe St
San Francisco
CA 94114
415-621-2131

102.   As a direct, legal and proximate result of the conduct of the defendants, occurring on December 29, 2006, the plaintiff was caused to suffer personal injury, pain, suffering, severe emotional and mental distress, humiliation, public ridicule, inconvenience and general damages described above.

WHEREFORE plaintiff prays for relief as is set forth in the Prayer for Relief, below.

## EIGHTH CAUSE OF ACTION
(False Imprisonment)

As and for a Eighth Cause of Action, plaintiff alleges against the defendants, and each of them:

103.   Plaintiff hereby refers to and incorporates herein by this reference paragraphs 1 through 65, inclusive, as though set forth fully herein.

104.   As a direct, legal and proximate result of the conduct of the defendants, occurring on December 29, 2006, the plaintiff was caused to suffer a loss of personal freedom of movement, personal injury, pain, suffering, severe emotional and mental distress, humiliation, public ridicule, inconvenience and general damages described above.

WHEREFORE plaintiff prays for relief as is set forth in the Prayer for Relief, below.

## NINTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress)

As and for a Ninth Cause of Action, plaintiff alleges against the defendants, and each of them:

105.   Plaintiff hereby refers to and incorporates herein by this reference paragraphs 1 through 65, inclusive, as though set forth fully herein.

106.   In undertaking the actions alleged above, the defendants, and each of them, intended to humiliate, embarrass, make and example of, intimidate and otherwise cause the plaintiff severe mental and emotional distress.

107.   In authorizing, permitting, ratifying, encouraging and condoning Kim's conduct, as alleged above, the City and County of San Francisco either intended to harm the plaintiff or acted with callous indifference to the harm caused to the plaintiff by violation of his rights by the defendants.

108.   The above-described acts of the defendants, and each of them, were outrageous, intentional, unlawful, reckless, malicious and despicable and were committed for the purpose of causing the plaintiff to suffer pain, humiliation, mental anguish, and emotional and physical distress.

WINSLOW &
HURTUBISE
200 Noe St
San Francisco
CA 94114
415-621-2131

109. The conduct of each of these defendants in authorizing, confirming and ratifying these actions were done with the knowledge that the plaintiff's emotional and physical distress would thereby increase, and was committed with a wanton and reckless disregard for the consequences to the plaintiff and constituted malice and oppression. As a result therefore, the plaintiffs are entitled to an award of punitive damages against the non-public entity defendants pursuant to Civil Code §3294.

110. As a direct, legal and proximate result of the conduct of the defendants, occurring on December 29, 2006, the plaintiff was caused to suffer personal injury, pain, suffering, severe emotional and mental distress, humiliation, public ridicule, inconvenience and general damages described above.

WHEREFORE plaintiff prays for relief as is set forth in the Prayer for Relief, below.

## TENTH CAUSE OF ACTION
### (Negligence)

As and for a Tenth Cause of Action, plaintiff alleges against the defendants, and each of them:

111. Plaintiff hereby refers to and incorporates herein by this reference paragraphs 1 through 65, inclusive, as though set forth fully herein.

112. Plaintiff is informed and believes and based upon that information and belief alleges that at all relevant times defendant Kim was unqualified, unskilled and unfit for employment as a MUNI coach operator.

113. Plaintiff is informed and believes and based upon that information and belief alleges that at all relevant times, defendant CCSF knew, or in the exercise of reasonable diligence should have known, that Kim was unqualified, unskilled and unfit for employment as a MUNI coach operator and that she and Officer Does 25 to 50, inclusive, were violating the rights of the plaintiff and other individuals similarly situated.

114. Notwithstanding its knowledge of the ongoing unlawful conduct by the defendants, and each of them, and of Kim's lack of fitness, skill and qualification for employment as an operator of a MUNI coach defendant CCSF negligently:

a. Employed Kim;

b. Failed to supervise, train or discipline Kim;

c. Failed to act to stop Kim's ongoing unlawful conduct;

WINSLOW &
HURTUBISE
230 Noe St
San Francisco
CA 94114
415-621-2131

d.  Failed to supervise, train or discipline officers of the San Francisco Police Department, and in particular, Officer Does 26 to 50, inclusive;

e.  Failed to investigate the complaints of the plaintiff and others regarding unlawful discrimination by coach operators and the SFPD against certain classes of passengers including, but not limited to the disabled, African Americans and, in particular, African Americans with a mental disability;

f.  Failed to establish lawful and rational policies and procedures to establish non-discriminatory, non-arbitrary standards and criteria to be used by MUNI operators and SFPD officers when disputes arise between members of the public and coach operators over the issue of access to public transportation.

115.  As a direct, legal and proximate result of the conduct of the defendants, occurring on December 29, 2006, the plaintiff was caused to suffer personal injury, pain, suffering, severe emotional and mental distress, humiliation, public ridicule, inconvenience and general damages described above.

WHEREFORE plaintiff prays for relief as is set forth in the Prayer for Relief, below.

## ELEVENTH CAUSE OF ACTION
### (Negligent Infliction of Emotional Distress)

As and for a Eleventh Cause of Action, plaintiff alleges against the defendants, and each of them:

116.  Plaintiff hereby refers to and incorporates herein by this reference paragraphs 1 through 65, 111 through 114, inclusive, as though set forth fully herein.

117.  Defendants, and each of them, knew or, in the exercise of reasonable diligence, should have known, that their failure to exercise due care in providing transportation to members of the public, including the disabled and the plaintiff, would cause the plaintiff to suffer severe emotional distress.

118.  As a direct, legal and proximate result of the conduct of the defendants, occurring December 29, 2006, the plaintiff was caused to suffer personal injury, pain, suffering, severe emotional and mental distress, humiliation, public ridicule, inconvenience and general damages described above.

WHEREFORE plaintiff prays for relief as is set forth in the Prayer for Relief, below.

WINSLOW &
HURTUBISE
200 Hon St
San Francisco
CA 94114
415-621-2131

1

**PRAYER FOR RELIEF**

2   WHEREFORE plaintiff, Ray Michael Miles, prays for judgment against defendants, and each

3   of them, as follows:

4   <u>First Cause of Action: Civil Rights Violation 42 U.S.C. §1983</u>

5   1.  For non-economic damages;

6   2.  For economic damages;

7   3.  For exemplary and punitive damages against defendant Marie Kim, only;

8   4.  For costs of suit herein and attorney fees (42 U.S.C. §1988);

9   5.  For a preliminary and permanent injunction enjoining the defendants' interference with

10      plaintiff's access to public transportation and to establish lawful and rational standards and

11      criteria to determine if a MUNI coach operator or the San Francisco Police have legal and just

12      cause to interfere with a passenger's right to full access to public transportation;

13   6.  For pre-judgment interest in an amount to be calculated at a later date;

14   7.  For other and further relief as the court may deem just and proper.

15

16   <u>Second Cause of Action: Americans with Disabilities Act 42 U.S.C. §12101, et seq.</u>

17   1.  For non-economic damages;

18   2.  For economic damages;

19   3.  For exemplary and punitive damages against defendant Marie Kim, only;

20   4.  For costs of suit herein and attorney fees pursuant to 29 U.S.C. §794(b);

21   5.  For a preliminary and permanent injunction enjoining the defendants' interference with

22      plaintiff's access to public transportation and to establish lawful and rational standards and

23      criteria to determine if a MUNI coach operator or the San Francisco Police have legal and just

24      cause to interfere with a passenger's right to full access to public transportation;

25   6.  For pre-judgment interest in an amount to be calculated at a later date;

26   7.  For other and further relief as the court may deem just and proper.

WINSLOW &
HURTUBISE
230 Noe St
San Francisco
CA 94114
415-621-2131

27   ///

28   ///

### Third Cause of Action

1. For non-economic compensatory damages;

2. For economic damages;

3. Treble damages pursuant to Civil Code §52;

4. For costs of suit herein and attorney fees pursuant to Civil Code §52(a);

5. For exemplary and punitive damages against defendant Marie Kim, only;

6. For a preliminary and permanent injunction enjoining the defendants' interference with plaintiff's access to public transportation and to establish lawful and rational standards and criteria to determine if a MUNI coach operator or the San Francisco Police have legal and just cause to interfere with a passenger's right to full access to public transportation;

7. For pre-judgment interest in an amount to be calculated at a later date;

8. For other and further relief as the court may deem just and proper.

### Fourth Cause of Action

1. For non-economic damages;

2. For economic damages;

3. For a civil penalty in the amount of $25,000 for each and every incident in which the defendants violated the plaintiff's rights under California Civil Code §51.7 pursuant to Civil Code §52(b)(2);

4. For costs of suit herein and attorney fees pursuant to Civil Code §52(b)(3);

5. For a preliminary and permanent injunction enjoining the defendants' interference with plaintiff's access to public transportation and to establish lawful and rational standards and criteria to determine if a MUNI coach operator or the San Francisco Police have legal and just cause to interfere with a passenger's right to full access to public transportation pursuant to Civil Code §52.1;

6. For exemplary and punitive damages against defendant Marie Kim, only pursuant to Civil Code §52(b)(1);

7. For pre-judgment interest in an amount to be calculated at a later date;

8.  For other and further relief as the court may deem just and proper.

### Fifth Cause of Action

1.  For non-economic damages;

2.  For economic damages;

3.  For treble damages in no case less than $1,000 for each and every incident in which the defendants violated the plaintiff's rights under Civil Code §54 and §54.1 pursuant to Civil Code §54.3;

4.  For costs of suit herein and attorney fees pursuant to Civil Code §54.3;

5.  For a preliminary and permanent injunction enjoining the defendants' interference with plaintiff's access to public transportation and to establish lawful and rational standards and criteria to determine if a MUNI coach operator or the San Francisco Police have legal and just cause to interfere with a passenger's right to full access to public transportation; pursuant to Civil Code §55;

6.  For exemplary and punitive damages against defendant Marie Kim, only pursuant to Civil Code §3294;

7.  For pre-judgment interest in an amount to be calculated at a later date;

8.  For other and further relief as the court may deem just and proper.

///
///
///
///
///
///
///
///
///
///

WINSLOW &
HURTUBISE
230 Noe St
San Francisco
CA 94114
415-621-2131

## Sixth through Eleventh Causes of Action

1. For non-economic damages;

2. For economic damages;

3. For costs of suit herein;

4. For exemplary and punitive damages against defendant Marie Kim pursuant to Civil Code §3294, only;

5. For pre-judgment interest in an amount to be calculated at a later date;

6. For other and further relief as the court may deem just and proper.

DATE: January 16, 2008

WINSLOW & HURTUBISE

By Gregory Winslow
Attorneys for Plaintiffs

WINSLOW &
HURTUBISE
230 Noe St
San Francisco
CA 94114
415-621-2131

# Alternative Dispute Resolution (ADR) Program Information Package

# Alternatives to Trial

## There are other ways to resolve a civil dispute.

The plaintiff must serve a copy of the ADR information package
on each defendant along with the complaint.  (CRC 201.9(c))

**Superior Court of California**
**County of San Francisco**

## Introduction

Did you know that most civil lawsuits settle without a trial?

And did you know that there are a number of ways to resolve civil disputes without having to sue somebody?

These alternatives to a lawsuit are known as alternative dispute resolutions (ADR). The most common forms of ADR are mediation, arbitration and case evaluation. There are a number of other kinds of ADR as well.

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediation, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help parties resolve disputes without having to go to court.

ADR is not new. ADR is available in many communities through dispute resolution programs and private neutrals.

## Advantages of ADR

ADR can have a number of advantages over a lawsuit.

- *ADR can save time.* A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.

- *ADR can save money.* Court costs, attorneys fees, and expert fees can be saved.

- *ADR can be cooperative.* This means that the parties having a dispute may work together with the neutral to resolve the dispute and agree to a remedy that makes sense to them, rather than work against each other.

- *ADR can reduce stress.* There are fewer, if any, court appearances. And because ADR can be speedier, and save money, and because the parties are normally cooperative, ADR is easier on the nerves. The parties don't have a lawsuit hanging over their heads for years.

- *ADR encourages participation.* The parties may have more chances to tell their side of the story than in court and may have more control over the outcome.

- *ADR is flexible.* The parties can choose the ADR process that is best for them. For example, in mediation the parties may decide how to resolve their dispute.

- *ADR can be more satisfying.* For all the above reasons, many people have reported a high degree of satisfaction with ADR.

# ALTERNATIVE DISPUTE RESOLUTION PROGRAMS
## Of the San Francisco Superior Court

"It is the policy of the Superior Court that every noncriminal, nonjuvenile case participate either in an early settlement conference, mediation, arbitration, early neutral evaluation or some other alternative dispute resolution process prior to a mandatory settlement conference or trial." (Superior Court Local Rule 4)

This guide is designed to assist attorneys, their clients and self-represented litigants in complying with San Francisco Superior Court's alternative dispute resolution ("ADR") policy. Attorneys are encouraged to share this guide with clients. By making informed choices about dispute resolution alternatives, attorneys, their clients and self-represented litigants may achieve a more satisfying resolution of civil disputes.

The San Francisco Superior Court currently offers three ADR programs for general civil matters; each program is described below:

1) Judicial Arbitration
2) Mediation
3) The Early Settlement Program (ESP) in conjunction with the San Francisco Bar Association.

## JUDICIAL ARBITRATION

### Description

In arbitration, a neutral "arbitrator" presides at a hearing where the parties present evidence through exhibits and testimony. The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case. When the Court orders a case to arbitration it is called judicial arbitration. The goal of arbitration is to provide parties with an adjudication that is earlier, faster, less formal, and usually less expensive than a trial. Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.

Although not currently a part of the Court's ADR program, civil disputes may also be resolved through private arbitration. Here, the parties

A mediator does not propose a judgment or provide an evaluation of the merits and value of the case. Many attorneys and litigants find that mediation's emphasis on cooperative dispute resolution produces more satisfactory and enduring resolutions. Mediation's non-adversarial approach is particularly effective in disputes in which the parties have a continuing relationship, where there are multiple parties, where equitable relief is sought, or where strong personal feelings exist.

## Operation

San Francisco Superior Court Local Court Rule 4 **provides three different voluntary mediation programs** for civil disputes. An appropriate program is available for all civil cases, regardless of the type of action or type of relief sought.

To help litigants and attorneys identify qualified mediators, the Superior Court maintains a list of mediation providers whose training and experience have been reviewed and approved by the Court. The list of court approved mediation providers can be found at www.sfgov.org/courts. Litigants are not limited to mediators on the court list and may select any mediator agreed upon by all parties. A mediation provider need not be an attorney.

Local Rule 4.2 D allows for mediation in lieu of judicial arbitration, so long as the parties file a stipulation to mediate within 240 days from the date the complaint is filed. If settlement is not reached through mediation, a case proceeds to trial as scheduled.

## Private Mediation

The Private Mediation program accommodates cases that wish to participate in private mediation to fulfill the court's alternative dispute resolution requirement. The parties select a mediator, panel of mediators or mediation program of their choice to conduct the mediation. The cost of mediation is borne by the parties equally unless the parties agree otherwise.

Parties in civil cases that have not been ordered to arbitration may consent to private mediation at any point before trial. Parties willing to submit a matter to private mediation should indicate this preference on the Stipulation to Alternative Dispute Resolution form or the Case Management Statement (CM-110). Both forms are attached to this packet.

## Cost

Generally, the cost of Private Mediation ranges from $200 per hour to $400 per hour and is shared equally by the parties. Many mediators are willing to adjust their fees depending upon the income and resources of the parties. Any party who meets certain eligibility requirements may ask the court to appoint a mediator to serve at no cost to the parties.

The Mediation Services of the Bar Association of San Francisco provides three hours of mediation time at no cost with a $200 per party administrative fee.

There is no charge for participation in the Judicial Mediation program.

## EARLY SETTLEMENT PROGRAM

### Description

The Bar Association of San Francisco, in cooperation with the Court, offers an Early Settlement Program ("ESP") as part of the Court's settlement conference calendar. The goal of early settlement is to provide participants an opportunity to reach a mutually acceptable settlement that resolves all or part of the dispute. The two-member volunteer attorney panel reflects a balance between plaintiff and defense attorneys with at least 10 years of trial experience.

As in mediation, there is no set format for the settlement conference. A conference typically begins with a brief meeting with all parties and counsel, in which each is given an opportunity to make an initial statement. The panelists then assist the parties in understanding and candidly discussing the strengths and weaknesses of the case. The Early Settlement Conference is considered a "quasi-judicial" proceeding and, therefore, is not entitled to the statutory confidentiality protections afforded to mediation.

### Operation

Civil cases enter the ESP either voluntarily or through assignment by the Court. Parties who wish to choose the early settlement process should indicate this preference on the status and setting conference statement.

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF SAN FRANCISCO
### 400 McAllister Street, San Francisco, CA  94102-4514

|  |  |
|---|---|
| Plaintiff<br><br>v.<br><br>Defendant | Case No. _____<br><br>**STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION** |

**The parties hereby stipulate that this action shall be submitted to the following alternative dispute resolution process:**

☐ **Private Mediation**     ☐ **Mediation Services of BASF**   ☐ **Judicial Mediation**
☐ **Binding arbitration**     Judge _____
☐ **Non-binding judicial arbitration**     Judge _____
☐ **BASF Early Settlement Program**
☐ **Other ADR process (describe)** _____

**Plaintiff(s) and Defendant(s) further agree as follows:**

_____

_____

_____

_____   _____   _____
Name of Party Stipulating   Name of Party or Attorney Executing Stipulation   Signature of Party or Attorney

☐  Plaintiff   ☐  Defendant   ☐  Cross-defendant         Dated: _____

_____   _____   _____
Name of Party Stipulating   Name of Party or Attorney Executing Stipulation   Signature of Party or Attorney

☐  Plaintiff   ☐  Defendant   ☐  Cross-defendant         Dated: _____

_____   _____   _____
Name of Party Stipulating   Name of Party or Attorney Executing Stipulation   Signature of Party or Attorney

☐  Plaintiff   ☐  Defendant   ☐  Cross-defendant         Dated: _____

☐  *Additional signature(s) attached*

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

TELEPHONE NO.:                    FAX NO. *(Optional):*

E-MAIL ADDRESS *(Optional):*

ATTORNEY FOR *(Name):*

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**

STREET ADDRESS:

MAILING ADDRESS:

CITY AND ZIP CODE:

BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| (Check one):  ☐ **UNLIMITED CASE** (Amount demanded exceeds $25,000)    ☐ **LIMITED CASE** (Amount demanded is $25,000 or less) | |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date:                    Time:              Dept.:          Div.:          Room:

Address of court *(if different from the address above):*

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☐  This statement is submitted by party *(name):*
   b. ☐  This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a.  The complaint was filed on *(date):*
   b. ☐  The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐  All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. ☐  The following parties named in the complaint or cross-complaint
      (1) ☐  have not been served *(specify names and explain why not):*

      (2) ☐  have been served but have not appeared and have not been dismissed *(specify names):*

      (3) ☐  have had a default entered against them *(specify names):*

   c. ☐  The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served):*

4. **Description of case**
   a.  Type of case in  ☐  complaint    ☐  cross-complaint    *(describe, including causes of action):*

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. January 1, 2007]

**CASE MANAGEMENT STATEMENT**

Page 1 of 4

Cal. Rules of Court,
rules 3.720–3.730
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

**CM-110**

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. d.    The party or parties are willing to participate in *(check all that apply):*

   (1) ☐ Mediation

   (2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)

   (3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)

   (4) ☐ Binding judicial arbitration

   (5) ☐ Binding private arbitration

   (6) ☐ Neutral case evaluation

   (7) ☐ Other *(specify):*

   e. ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.

   f. ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

   g. ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court *(specify exemption):*

**11. Settlement conference**

   ☐ The party or parties are willing to participate in an early settlement conference *(specify when):*

**12. Insurance**

   a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

   b. Reservation of rights: ☐ Yes    ☐ No

   c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**13. Jurisdiction**

   Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.
   ☐ Bankruptcy    ☐ Other *(specify):*
   Status:

**14. Related cases, consolidation, and coordination**

   a. ☐ There are companion, underlying, or related cases.

   (1) Name of case:

   (2) Name of court:

   (3) Case number:

   (4) Status:

   ☐ Additional cases are described in Attachment 14a.

   b. ☐ A motion to    ☐ consolidate    ☐ coordinate    will be filed by *(name party):*

**15. Bifurcation**

   ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**16. Other motions**

   ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*



# Superior Court of California
## County of San Francisco

**HON. DAVID BALLATI**
**PRESIDING JUDGE**

### Judicial Mediation Program

**JENIFFER B. ALCANTARA**
**ADR PROGRAM ADMINISTRATOR**

The Judicial Mediation program offers mediation of complex civil litigation by a San Francisco Superior Court judge familiar with the area of the law that is the subject of the controversy.  Cases that will be considered for participation in the program include, but are not limited to professional malpractice, construction, employment, insurance coverage disputes, mass torts and complex commercial litigation.  Judicial mediation offers civil litigants the opportunity to engage in early mediation of a case shortly after filing the complaint in an effort to resolve the matter before substantial funds are expended.  This program may also be utilized at anytime throughout the litigation process.  The panel of judges currently participating in the program includes:

The Honorable David J. Ballati
The Honorable Anne Bouliane
The Honorable Ellen Chaitin
The Honorable Robert L. Dondero
The Honorable Ernest H. Goldsmith
The Honorable Harold E. Kahn
The Honorable Patrick J. Mahoney
The Honorable Tomar Mason

The Honorable James J. McBride
The Honorable Kevin M. McCarthy
The Honorable John E. Munter
The Honorable Ronald Quidachay
The Honorable A. James Robertson, II
The Honorable John K. Stewart
The Honorable Mary E. Wiss

Parties interested in judicial mediation should file the Stipulation to Alternative Dispute Resolution form attached to this packet indicating a joint request for inclusion in the program and deliver a courtesy copy to Dept. 212.  A preference for a specific judge may be indicated.  The court Alternative Dispute Resolution Program Administrator will facilitate assignment of cases that qualify for the program.

Note: Space is limited.  Submission of a stipulation to judicial mediation does not guarantee inclusion in the program.  You will receive written notification from the court as to the outcome of your application.

Superior Court Alternative Dispute Resolution
400 McAllister Street, Room 103, San Francisco, CA  94102
(415) 551-3876

10/07 (ja)

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

RECEIVED
MAYOR'S OFFICE

08 MAY -1  PM 2: 19

FOR COURT USE ONLY ENDORSED
(SOLO PARA USO DE LA CORTE)
SAN FRANCISCO COUNTY
SUPERIOR COURT

2008 JAN 16  AM 12: 38

GORDON PARK-LI, CLERK

BY:_____
DEPUTY CLERK

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
City and County of San Francisco, Marie Kim and Does
1 to 100, inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Ray M. Miles

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is: Superior Court of San Francisco
*(El nombre y dirección de la corte es):*
400 McAllister Street

San Francisco          CA    94114

CASE NUMBER:
*(Número del Caso):*
CGC-08-cv-471045

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Gregory F. Winslow, Esq.                415/621-2131        100495
230 Noe Street
San Francisco                          CA    94114

DATE:  JAN 1 0 2008          Clerk, by _____, Deputy
*(Fecha)*                    *(Secretario)*    ELIAS BUTT    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☒ as an individual defendant.  MARIE Kim
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*
4. ☒ by personal delivery on *(date):*  5-1-08

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California

Code of Civil Procedure §§ 412.20, 465

WINSLOW & HURTUBISE
Gregory F. Winslow (100495)
Jerry A. Hurtubise (95180)
230 Noe Street
San Francisco, CA 94114
Telephone (415) 621-2131

Attorneys for Plaintiff, Ray M. Miles

CASE MANAGEMENT CONFERENCE SET

JUN 2 0 2008 - 9:00 AM

DEPARTMENT 212

ENDORSED
FILED
SAN FRANCISCO COUNTY
SUPERIOR COURT

2008 JAN 16  AM 12:08

GORDON PARK-LI, CLERK

BY: _____
COUNTY CLERK

SUPERIOR COURT, STATE OF CALIFORNIA,

UNLIMITED JURISDICTION

CITY AND COUNTY OF SAN FRANCISCO

RAY M. MILES,

                    Plaintiff,

vs.

CITY AND COUNTY OF SAN FRANCISCO,
MARIE KIM and DOES 1 TO 100, inclusive,

                    Defendants.

) No. CV014528
) CGC-08-471145
)
)
) COMPLAINT FOR DAMAGES AND
) INJUNCTIVE RELIEF
)
) 1. Civil Rights (42 U.S.C. §§1983, 1988
) 2. ADA, Title II, 42 U.S.C. §§12131, et seq.
) 3. Unruh Civil Rights Act (CC §51)
) 4. Violence and Intimidation (CC §51.7)
) 5. Disabled Persons Act (CC §§54, 54.1)
) 6. Assault
) 7. Battery
) 8. False Imprisonment
) 9. Intentional Infliction of Emotional Distress
) 10. Negligence
) 11. Negligent Infliction of Emotional Distress
)

FIRST CAUSE OF ACTION
(Civil Rights 42 U.S.C. §1983)

    As and for a First Cause of Action, the plaintiff RAY MICHAEL MILES alleges against

defendants CITY AND COUNTY OF SAN FRANCISCO, MARIE KIM and Does 1 through 100,

inclusive:

WINSLOW &
HURTUBISE
230 Noe St
San Francisco
CA 94114
415-621-2131

1.      At all relevant times the plaintiff, Ray Michael Miles, was a competent adult citizen of the United States residing in the City and County of San Francisco, California.

2.      The plaintiff is a 49-year-old African-American.

3.      The plaintiff is mentally disabled with cognitive and psychological impairments the manifestations of which include poor communication skills, disheveled clothing and an unkempt appearance.

4.      At all relevant times, the plaintiff is, and was "a person with a disability" as this term is used under the laws of the State of California, including, but not limited to, California Government Code §12926 and 12926.1, and of the laws of the United States including, but not limited to, the Americans with Disabilities Act of 1990, 42 U.S.C. §12102(2).

5.      Defendant City and County of San Francisco (hereinafter referred to as, "CCSF") is a chartered city and county organized and existing under the laws of the State of California.

6.      At all relevant times, the CCSF owned, operated, managed and controlled a public transportation system commonly known as "The Municipal Railway" (hereinafter referred to as the "MUNI").

7.      MUNI is a common carrier offering transportation to the public including, but not limited to, transport, services, accommodations, advantages, and facilities to the public on public roads and highways within the City and County of San Francisco for payment of a fare.

8.      The plaintiff is informed and believes and based upon that information and belief alleges that, at all relevant times, during the conduct alleged herein, MUNI personnel were acting within the scope of their employment for the defendant CCSF and pursuant to CCSF's policies, procedures and practices.

9.      At all relevant times, the San Francisco Police Department (hereinafter, "SFPD") was an integral part of the CCSF the purpose of which was to provide law enforcement services.

10.     Plaintiff is informed and believes and based upon that information and belief alleges that at all relevant times, the CCSF employed, directed and assigned police officers to aid and assist MUNI coach operators in the event of a dispute with a passenger.

WINSLOW &
HURTUBISE
230 Noe St
San Francisco
CA 94114
415-621-2131

11.    The plaintiff is informed and believes and based upon that information and belief alleges that, at all relevant times, during the conduct alleged herein, the SFPD officers were acting within the scope of their employment as peace officers for the defendant CCSF and pursuant to CCSF's policies, procedures and practices.

12.    Defendant Marie Kim (hereinafter referred to as "Kim") is a natural person residing in the State of California.

13.    At all relevant times, Kim is, and was employed by Defendant City and County of San Francisco as a coach operator for MUNI on the 22-Filmore route.

14.    The plaintiff is informed and believes and based upon that information and belief alleges that, at all relevant times, during the conduct alleged herein, defendant Kim was acting within the scope of her employment as a coach operator for the defendant CCSF and pursuant to CCSF's policies, procedures and practices.

15.    Defendants Doe 1 through Doe 100, inclusive, are sued herein under fictitious names. Their true names and capacities are unknown to plaintiff. When their true names and capacities are ascertained, plaintiff will amend this complaint by inserting their true names and capacities herein. Plaintiff is informed and believes and based upon said information and belief alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that plaintiff's damages as herein alleged were proximately caused by those defendants. Each reference in this complaint to "defendant," "defendants," or a specifically named defendant refers also to all defendants sued under fictitious names.

16.    Plaintiff is informed and believes and based upon that information and belief alleges that at all relevant times, Defendants Doe 1 through 25, inclusive, were employees of the CCSF working at MUNI.

17.    Plaintiff is informed and believes and based upon that information and belief alleges that at all relevant times, Defendants Doe 26 through 50 were employees of the CCSF working at the San Francisco Police Department.

WINSLOW &
HURTUBISE
230 Noe St
San Francisco
CA 94114
415-621-2131

///

///

1    18.    At all relevant times, defendants, and each of them, were subject to the provisions of the

2 Fourth and Fourteenth Amendments to the United States Constitution, the federal Americans with

3 Disabilities Act of 1990 42, Title II, U.S.C. §12131, et seq. California Civil Code §§ 51., 51.7, 52.3,

4 54, 54.1 and to all other legal requirements referred to herein.

5    19.    Plaintiff is informed and believes and based upon that information and belief alleges

6 that at all relevant times, the CCSF employed and assigned Kim to operate, maintain and control a

7 MUNI motor coach on the "22-Filmore" bus line.

8    20.    Plaintiff is informed and believes and based upon that information and belief alleges

9 that at all relevant times, defendant Kim operated a MUNI motor coach on the 22-Filmore line with the

10 express authorization, consent, permission and knowledge of defendants CCSF and Does 1 through 25,

11 inclusive.

12    21.    Plaintiff is informed and believes and based upon that information and belief alleges

13 that commencing on or before May 26, 2004, the defendants, and each of them, engaged in a pattern

14 and practice of interfering with, and denying to the plaintiff equal access to public accommodations

15 and transportation services provided by the MUNI coaches Kim was operating, including, but not

16 limited to, the following:

17    a.    May 26, 2004 at 16th and Mission Streets, San Francisco;

18    b.    May 28, 2004 at 16th and Church Streets, San Francisco;

19    c.    May 30, 2004 at 16th and Mission Streets, San Francisco;

20    d.    January 19, 2006 at Church and Market Streets, San Francisco;

21    e.    December 12, 2006 at 16th and Mission Streets, San Francisco;

22    f.    December 29, 2006 at 16th and Mission Streets, San Francisco;

23    g.    January 2, 2007 at Church and Market Streets, San Francisco;

24    h.    January 3, 2007 at 16th and Mission Streets, San Francisco;

25    i.    January 9, 2007 at 16th and Mission Streets, San Francisco;

26    j.    January 9, 2007 at 16th and Mission Streets, San Francisco;

27    k.    January 10, 2007 at Church and Market Streets, San Francisco;

28    l.    January 16, 2007 at 16th and Mission Streets, San Francisco;

WINSLOW &
HURTUBISE
200 Nos St
San Francisco
CA 94114
415-621-2131

m. January 17, 2007 at 16th and Mission Streets, San Francisco;

n. March 15, 2007 at 16th and Mission Streets, San Francisco;

o. March 20, 2007 at 16th and Mission Streets, San Francisco; and

p. November 30, 2007 at 16th and Mission Streets, San Francisco.

22.     During each of these above-described occasions, the plaintiff had attempted to lawfully gain access to a "22-Filmore" MUNI coach operated by defendant Kim, violated no laws, rules or regulations and engaged in no conduct that would justify Kim's interference with the plaintiff's right to equal enjoyment and access to public transportation.

23.     In addition to the incidents identified above, on or about ten occasions within the past two years, the plaintiff was prepared to board a 22-Filmore coach, but stopped boarding when he discovered that defendant Kim was operating the coach because he was intimidated by previous interferences with his right to access Kim's coach and feared of public humiliation, personal injury and unlawful imprisonment by MUNI and SFPD personnel should he attempt to access Kim's coach.

24.     During each of the above-described incidents, Kim undertook affirmative actions to actively interfere with the plaintiff's rights to equal access to public transportation including, but not limited to:

a. During two incidents, Kim personally assaulted and battered the plaintiff (May 26, 2004 and January 10, 2007);

b. During most incidents within the past two years, Kim verbally assaulted and publicly humiliated the plaintiff, by angrily ordering him off the coach using names such as, "stupid" and "asshole" in front of other passengers as she forced him to leave the coach;

c. During several incidents within the past two years, Kim incited the passengers to verbally attack and physically assault and batter the plaintiff in efforts to force him to leave the coach;

d. During one incident within the past three years, Kim incited a third-party passenger to assault, threaten, intimidate and force the plaintiff out of the coach;

e. On both December 29, 2006, and November 11, 2007, notwithstanding the fact that defendants, and each of them, knew that there was no justification or legal right to

WINSLOW &
HURTUBISE
230 Noe St
San Francisco
CA 94114
415-621-2131

1    interfere with the plaintiff's right to full enjoyment and equal access to public
2    transportation, defendant Kim and the SFPD, Officer Does 26 to 50 inclusive, ordered
3    the plaintiff out of Kim's MUNI coach after he had lawfully boarded. The defendants
4    seized and handcuffed the plaintiff, physically removed him from the MUNI coach and
5    forced him to remain outside the coach in handcuffs for an appreciable period of time,
6    in full public view. During these two incidents, Kim and Officer Does 26 to 50,
7    inclusive, acted without probable cause, reasonable suspicion, or any legal justification
8    to assault, batter, detain and imprison the plaintiff. After Kim's coach had departed, the
9    plaintiff was released without charges being filed.

10        f.   During most incidents within the past two years, Kim ordered the plaintiff off the bus
11            and took the bus out of service until the plaintiff complied or was forced to comply with
12            her order;

13        g.   During one incident, January 9, 2007, Kim failed to stop her coach at a scheduled bus
14            stop when the plaintiff was the only passenger waiting to board.

15        25.   Plaintiff is informed and believe and based upon that information and belief alleges that
16    at the time of the above-described events, and at all other pertinent times, the defendants had no
17    warrant for the arrest of the plaintiff or other facts or information that constituted probable cause that
18    plaintiff had ever committed or was about to commit a crime, infraction or MUNI rule violation, so as
19    to provide grounds for interference with his right to full and equal access to public transportation or to
20    support a lawful detention, a lawful physical restraint, a lawful imprisonment or a lawful removal from
21    the coach.

22        26.   During the initial part of the above-described incident of November 11, 2007, the
23    plaintiff used a tape-recorder to create an audio record of the incident.

24        27.   During the seizure and detention of the plaintiff on November 11, 2007, Officer Does
25    26 to 50, inclusive, took the above-described tape-recorder and the tape creating an audio record of the
26    November 11, 2007 incident.

27        28.   At the time the tape-recorder was taken from the plaintiff, the plaintiff informed the
28    police that it contained a record of the incident with defendant Kim.

WINSLOW &
HURTUBISE
230 Noe St
San Francisco
CA 94114
415-621-2131

29.    Upon the plaintiff's release at the scene following the November 11, 2007 incident, the Officer Does 26 to 50, inclusive, returned the plaintiff's tape-recorder, but without justification or probable cause refused to return the audio tape record to the plaintiff following the incident.

30.    The plaintiff is informed and believe and based upon that information and belief alleges that the Officer Does 26 to 50, inclusive, seized and refused to return the plaintiff's audio tape record of the incident to control and destroy evidence of their own wrongdoing and the wrongdoing of defendant Kim in order to limit the plaintiff's ability to seek legal redress for the defendants unlawful and unconstitutional conduct.

31.    Plaintiff is informed and believes and based upon that information and belief alleges that at all relevant times, as a pattern and practice, the CCSF trained, permitted and authorized coach operators, including Kim, to interfere with an individual's right to access public transportation based on the individual's appearance alone without any further legal justification, reason or basis.

32.    Plaintiff is informed and believes and based upon that information and belief alleges that at all relevant times, as a pattern and practice, the CCSF failed to establish non-discriminatory standards and criteria for coach operators to determine if there is legal cause to justify interference with an individual's right to access public transportation.

33.    Plaintiff is informed and believes and based upon that information and belief alleges that at all relevant times, as a pattern and practice, MUNI permitted, trained, supported and encouraged individual MUNI coach operators to establish and enforce their own standards and criteria to determine whether there is legal cause to justify the interference with an individual's right to access her coach and that these standards are variable and arbitrary.

34.    Plaintiff is informed and believes and based upon that information and belief alleges that at all relevant times, based upon her own access standards, defendant Kim arbitrarily denied and continues to deny access to her MUNI coach if she believes that the passenger intends to board the bus without a specific destination.

///

///

WINSLOW &
HURTUBISE
230 Noe St
San Francisco
CA 94114
415-621-2131

35.     Plaintiff is informed and believes and based upon that information and belief alleges that at all relevant times, as a pattern and practice, defendant Kim determines a passenger's eligibility to ride in her coach based upon the passenger's race, communication skills, dress and physical appearance.

36.     Plaintiff is informed and believes and based upon that information and belief alleges that at all relevant times, defendant Kim interfered with the plaintiff's access to her coach based upon the plaintiff's African American race, poor communication skills, old and disheveled clothing and unkempt appearance.

37.     Plaintiff is informed and believes and based upon that information and belief alleges that Kim's conduct was motivated by an animosity towards the mentally disabled and African Americans.

38.     Plaintiff is informed and believes and based upon that information and belief alleges that at all relevant times, defendant Kim and Does 1 through 25, inclusive, were operating, managing, supervising and directing Kim and establishing or failing to establish policies and procedures regarding access to MUNI transportation services.

39.     The plaintiff is informed and believes and based upon that information and belief alleges that, at all relevant times, it was the official policy, pattern and practice of CCSF that, in the event of a dispute between a MUNI operator and a passenger, the SFPD would offer close support and assistance to MUNI operators.

40.     The plaintiff is informed and believes and based upon that information and belief alleges that it was the practice, procedure and policy of the CCSF for SFPD police officers to intervene upon request in disputes between a MUNI operator and a passenger. These practices, procedures and policies included, but were not limited to:

    a.  For SFPD officers to intervene on the side of MUNI operators against the passenger regardless of the facts;

    b.  For SFPD officers to accept as fact the statement of the MUNI operator without investigation and to thereafter arrest and imprison the passenger based upon the MUNI operator's statement;

WINSLOW &
HURTUBISE
230 Noe St
San Francisco
CA 94114
415-621-2131

c.  For SFPD officers to be unreasonably and excessively aggressive with the use of force, arrest and imprisonment against passengers;

d.  For SFPD officers to unfairly and inaccurately report the incident so as to exonerate the MUNI operator and blame the passenger for any dispute.

e.  For SFPD officers to seize and suppress evidence regarding the incident that is perceived as possibly unfavorable to the MUNI operator and/or the CCSF;

f.  For SFPD officers to intentionally fail to interview witnesses perceived to be favorable to the passenger.

41.    Plaintiff is informed and believes and based upon that information and belief alleges that at all relevant times that the CCSF knew of the above-described practice and permitted, ratified and sanctioned the practice by failing to act to stop the practice and by not punishing those CCSF employees engaged in the practices.

42.    Plaintiff is informed and believes and based upon that information and belief alleges that the conduct of the SFPD was motivated by the policy and practice to assist MUNI operators, as alleged above.

43.    Plaintiff is informed and believes and based upon that information and belief alleges that, at all relevant times, the defendants, and each of them, knew that disabled individuals rely upon MUNI's public transportation system.

44.    Plaintiff is informed and believes and based upon that information and belief alleges that, at all relevant times, the defendants, and each of them, knew that poor communication skills, old and disheveled clothing and an unkempt appearance are often manifestations of a mental disability.

45.    Plaintiff is informed and believes and based upon that information and belief alleges that, at all relevant times, CCSF knew that the plaintiff was mentally disabled by virtue of a determination of disability by the CCSF Human Services Agency and payment of assistance to the plaintiff from the CCSF since 2003.  CCSF was further aware of the plaintiff's disability when it accepted reimbursement of the money it paid to the plaintiff by the Social Security Administration based upon it June 30,2007 retro-active determination of back to August 1, 2003.

WINSLOW &
HURTUBISE
230 Noe St
San Francisco
CA 94114
415-621-2131

46.    Plaintiff is informed and believes and based upon that information and belief alleges that defendant CCSF knew that Kim was interfering with the plaintiff's right to equal access to public transportation because the plaintiff reported this fact to MUNI "Supervisors", including Does 1 to 25, inclusive on May 29, 2004, May 30, 2004, December 29, 2006, January 9, 2007 and January 17, 2007.

47.    Plaintiff is informed and believes and based upon that information and belief alleges that it was the responsibility of the MUNI Supervisors including Does 1 to 25, inclusive, to investigate and adjudicate disputes between passengers and coach operators.

48.    Plaintiff is informed and believes and based upon that information and belief alleges that, during the above-alleged incidents, MUNI Supervisors investigated the circumstances and determined that Kim's interference with the plaintiff's right to transportation was appropriate and ratified, approved and condoned Kim's conduct towards the plaintiff.

49.    Plaintiff is informed and believes and based upon that information and belief alleges that CCSF knew of Kim's above-described pattern and practice and permitted, ratified, encouraged, condoned, supported and adopted Kim's actions to interfere with the plaintiff's right to access public transportation.

50.    Plaintiff is informed and believes and based upon that information and belief alleges that defendant CCSF failed to establish a nondiscriminatory criteria, policy, practice and procedure for mentally disabled access to MUNI transportation.

'51.    As a direct, proximate and legal result of the discriminatory conduct of the defendants, to interfere with the plaintiff's access to public transportation and accommodations, the plaintiff was caused to suffer a deprivation of the right to equal protection under the law and a deprivation of the rights, privileges and immunities accorded to the plaintiff under the Fourteenth Amendment to the United States Constitution.

52.    As a direct, proximate and legal result of the defendants conduct to seize, restrain, search and detain the plaintiff and to seize the plaintiff and his audio tape record during the incidents of December 29, 2006 and November 27, 2007, respectively, the plaintiff was caused to suffer a deprivation of the right to be free from search and seizure without probable cause under the Fourth Amendment to the United States Constitution.

WINSLOW &
HURTUBISE
230 Noe St
San Francisco
CA 94114
415-621-2131

53.    As a direct, proximate and legal result of the conduct of the defendants to interfere with the plaintiff's right to equal access to public transportation on the basis of his race and mental disability, the plaintiff was caused to suffer a loss of rights guaranteed to him under the Americans with Disabilities Act of 1990, Title II, 42 U.S.C. §12131-12150 "Prohibition against Discrimination in Public Transportation."

54.    As a direct and proximate result of the acts and omissions of the defendants, and each of them, over the past two years, the plaintiff was caused to suffer and continues to suffer, psychological trauma and shock, humiliation and embarrassment, extreme mental and emotional distress.

55.    As a further direct and proximate result of the acts and omissions of the defendants, and each of them, over the past two years, the plaintiff was caused to suffer fear of harmful or offensive physical contact and suffered such harmful and offensive physical contact resulting in personal injury.

56.    As a further direct and proximate result of the acts and omissions of the defendants, and each of them, over the past two years, the plaintiff employed and will continue to employ medical providers in the future and caused the plaintiff to incur medical fees and expenses in the past and he will continue to incur medical fees and expenses in the future.

57.    As a further direct and proximate result of the acts and omissions of the defendants, and each of them, over the past two years, the plaintiff was caused to suffer great inconvenience, loss of time and loss of effort.

58.    As a further direct and proximate result of the acts and omissions of the defendants, and each of them, over the past two years, the plaintiff was caused to employ and continue to employ attorneys and to incur fees and expenses in order to protect and vindicate his legal rights.

59.    As a further direct and proximate result of the acts and omissions of the defendants, and each of them, the plaintiff was caused to suffer the loss of an audio cassette with a record of the incident of November 11, 2007.

60.    As alleged above, defendants' persistent and intentional interference with the plaintiff's right of access to public transportation over the past two years based solely upon his race and disability was despicable and demonstrated an intent to injure the plaintiff such as to constitute malice and to justify the award of exemplary and punitive damages against non-public entity defendants.

WINSLOW &
HURTUBISE
230 Noe St
San Francisco
CA 94114
415-621-2131

61.     As alleged above, defendants' conduct over the past two years toward the plaintiff was carried out with a willful and conscious disregard for the law and the rights of the plaintiff and of other mentally disabled persons and was oppressive in that such conduct subjected the plaintiff to cruel and unjust hardship in conscious disregard for the law and plaintiff's rights and justifies the award of exemplary and punitive damages against non-public entities under California Civil Code §3294.

62.     As a result of the defendants' intentional interference with the plaintiff's right to equal access to MUNI transportation over the past two years, the plaintiff has continually been denied his rights to full and equal enjoyment of public transportation.  It has been and will continue to be a futile gesture on the part of the plaintiff to attempt to gain access to coaches operated by defendant Kim or to complain to the CCSF.

63.     The acts and omissions of the defendants over the past two years, as alleged herein, interfere with the plaintiff's right to access public transportation and failto establish a nondiscriminatory criteria, policy practice and procedure for providing access to MUNI transportation to the mentally disabled.  These acts and omissions are continuing on a day-to-day basis and have the continuing effect of wrongfully and willfully excluding the plaintiff and other members of the public who are mentally disabled from full and equal enjoyment and access to MUNI transportation as hereinabove described.  Such acts and omissions are the continuing cause of humiliation, severe mental and emotional suffering, assault, battery and false imprisonment as the defendants continue to treat the plaintiff as inferior and discriminate against him on the basis that he is mentally disabled  and an African American.

64.     The plaintiff is unable so long as such acts and omissions of the defendants continue, to achieve full and equal enjoyment and access to MUNI transportation services as described above.  The acts of the defendants, and each of them, have proximately caused and will continue to cause irreparable injury to the plaintiff if not enjoined by this court.

65.     Wherefore, the plaintiff asks this court to preliminarily and permanently:

a.     Enjoin any continuing interference with the rights of the plaintiff and those similarly situated to equal enjoyment and access to MUNI transportation services;

WINSLOW &
HURTUBISE
230 Noe St
San Francisco
CA 94114
415-621-2131

b.   Require the defendants to comply forthwith with the applicable constitutional and statutory requirements relating to full and equal enjoyment and access to public transportation as described above; and

c.   Require that CCSF adopt a rational, nondiscriminatory standards and criteria for determining when and if interference with a persons right to access public transportation is justified.

WHEREFORE plaintiff prays for relief as is set forth in the Prayer for Relief, below.

## SECOND CAUSE OF ACTION
(Americans with Disabilities Act, 42 U.S.C. §12101, et seq.)

As and for a Second Cause of Action, plaintiff alleges against the defendants, and each of them:

66.   Plaintiff hereby refers to and incorporates herein by this reference paragraphs 1 through 65, inclusive, as though set forth fully herein.

67.   Title II of the Americans with Disabilities Act of 1990, 42 U.S.C. §§12131, et seq. prohibits interference with an individuals right to full enjoyment and access to public transportation on the basis of race or disability.

68.   As a direct, legal and proximate result of the conduct of the defendants, and each of them, the plaintiff was caused to suffer the loss of rights as guaranteed by Title II of the Americans with Disabilities Act of 1990, 42 U.S.C. §§12132, entitling the plaintiff to damages, punitive damages, injunctive relief and attorney fees.

69.   As a direct, legal and proximate result of the conduct of the defendants, and each of them, over the past two years, the plaintiff was caused to suffer the damages as described above.

70.   Wherefore, the plaintiff asks this court to preliminarily and permanently enjoin the defendants, and each of them, as requested above.

WHEREFORE plaintiff prays for relief as is set forth in the Prayer for Relief, below.

///

///

///

WINSLOW &
HURTUBISE
230 Noe St
San Francisco
CA 94114
415-621-2131

## THIRD CAUSE OF ACTION
(Unruh Civil Right Act, Cal. Civil Code §51)

As and for a Third Cause of Action, plaintiff alleges against the defendants, and each of them:

71.    Plaintiff hereby refers to and incorporates herein by this reference paragraphs 1 through 68, inclusive, as though set forth fully herein.

72.    Plaintiff is informed and believes and based upon that information and belief alleges that MUNI is a "business establishment" as that term is used in California Civil Code §51(b).

73.    As a direct, legal and proximate result of the above-alleged conduct of the defendants, and each of them, over the past two years, the plaintiff was deprived of full and equal accommodations, advantages, facilities, privileges and services provided by MUNI in violation of the Unruh Civil Rights Act, California Civil Code §51(b).

74.    The conduct of the defendants, and each of them, as alleged herein constituted a violation of the right of an individual under the Americans with Disabilities Act of 1990 (California Civil Code §51(f)) in violation of California Civil Code §51(b).

75.    By virtue of the defendants' conduct in denying, aiding and inciting the denial of the plaintiff's rights and discriminating in violation of California Civil Code §51, the plaintiff is entitled to treble the amount of actual damages, but in no case less than four thousand dollars ($4,000) and attorney fees.

76.    As a direct, legal and proximate result of the conduct of the defendants, and each of them, over the past two years, the plaintiff was caused to suffer the damages as described above.

77.    Wherefore, the plaintiff asks this court to preliminarily and permanently enjoin the defendants, and each of them, as requested above, pursuant to Civil Code §52.1.

WHEREFORE plaintiff prays for relief as is set forth in the Prayer for Relief, below.

///

///

///

///

WINSLOW &
HURTUBISE
230 Noe St
San Francisco
CA 94114
415-621-2131

## FOURTH CAUSE OF ACTION
### (Cal. Civil Code §51.7, Freedom from Violence or Intimidation)

As and for a Fourth Cause of Action, plaintiff alleges against the defendants, and each of them:

78.    Plaintiff hereby refers to and incorporates herein by this reference paragraphs 1 through 68, inclusive, as though set forth fully herein.

79.    At all relevant times, California Civil Code §51.7 was in full force and effect and established the plaintiff's right to be free from violence and intimidation by threat of violence against him because of his race and disability.

80.    The conduct of the defendant defendants, and each of them, as alleged above over the past three years, violated the plaintiff's rights pursuant of California Civil Code §51.7(a).

81.    By virtue of the defendants' conduct in denying, aiding and inciting the denial of the plaintiff's rights and discriminating in violation of California Civil Code §51.7, the plaintiff is entitled to punitive damages, a civil penalty of twenty-five thousand dollars ($25,000) for each violation and attorney fees.

82.    Wherefore, the plaintiff asks this court to preliminarily and permanently enjoin the defendants, and each of them, as requested above, pursuant to Civil Code §52.1.

83.    As a direct, legal and proximate result of the conduct of the defendants, and each of them, the plaintiff was caused to suffer the damages as described above.

WHEREFORE plaintiff prays for relief as is set forth in the Prayer for Relief, below.

## FIFTH CAUSE OF ACTION
### (Disabled Person Act, Cal. Civil Code §54, §54.1)
### (Right to access public facilities and transportation)

As and for a Fifth Cause of Action, plaintiff alleges against the defendants, and each of them:

84.    Plaintiff hereby refers to and incorporates herein by this reference paragraphs 1 through 68, inclusive, as though set forth fully herein.

85.    The Disabled Person Act, Civil Code §§ 54 and 54.1, establish the plaintiff's rights to full and free access to public facilities and public transportation, respectively.

WINSLOW &
HURTUBISE
230 Noe St
San Francisco
CA 94114
415-621-2131

86.    The conduct of the defendants, and each of them, as alleged herein constituted a violation of the right of an individual under the Americans with Disabilities Act of 1990 in violation of California Civil Code §54(c) and §54.1(a)(3).

87.    The above-alleged conduct of the defendants, and each of them, constituted an interference with, and denial of, the plaintiff's full and free use of streets and public transportation facilities in violation of California Civil Code §54.

88.    The above-alleged conduct of the defendants, and each of them, constituted an interference with, and denial of, the plaintiff's full and equal access, as enjoyed by other members of the general public, to MUNI's accommodations, advantages, facilities and privileges of all common carriers and other public conveyances in violation of California Civil Code §54.1.

89.    By virtue of the defendants' conduct in denying and interfering with admittance to and enjoyment of the public MUNI transportation facilities in violation of California Civil Code §54.1, the plaintiff is entitled to up to a maximum of three times the amount of his actual damages, but in no case less than one thousand dollars ($1,000) and attorney fees.

90.    As a direct, legal and proximate result of the conduct of the defendants, and each of them, the plaintiff was caused to suffer the damages as described above.

91.    Wherefore, the plaintiff asks this court to preliminarily and permanently enjoin the defendants, and each of them, as requested above, pursuant to Civil Code §54.3.

WHEREFORE plaintiff prays for relief as is set forth in the Prayer for Relief, below.

## SIXTH CAUSE OF ACTION
### (Assault)

As and for a Sixth Cause of Action, plaintiff alleges against the defendants, and each of them:

92.    Plaintiff hereby refers to and incorporates herein by this reference paragraphs 1 through 65, inclusive, as though set forth fully herein.

93.    On June 28, 2007, filed a "Claim against the City and County of San Francisco" and a First Amended Claim Against the City and County of San Francisco" and, in so doing, the plaintiff complied with the claim requirements of Government Code §§910, et seq. with regard to non-constitutional state law claims arising out of the December 29, 2007 incident, as alleged below (Causes

WINSLOW &
HURTUBISE
230 Non St
San Francisco
CA 94114
415-621-2131

1    of Action Six through Eleven, herein); said First Amended Claim was rejected in a writing dated July

2    16, 2007.

3        94.    Notwithstanding the fact that defendants, and each of them, knew that Kim had no

4    justification or legal right to order the plaintiff to leave her coach, on December 29, 2006 Kim and

5    Officer Does 26 to 50 inclusive, intentionally placed the plaintiff in fear of harmful and offensive

6    physical contact with his person for the purpose of unlawfully forcing him to leave the coach.

7        95.    As a direct, legal and proximate result of the conduct of the defendants, and each of

8    them, the plaintiff was placed in apprehension of harmful and offensive physical contact with his

9    person.

10       96.    The plaintiff did not consent to the above-described assault.

11       97.    As a direct, legal and proximate result of the conduct of the defendants, occurring on

12   December 29, 2006, the plaintiff was caused to suffer personal injury, pain, suffering, severe emotional

13   and mental distress, humiliation, public ridicule, inconvenience and general damages described above.

14       WHEREFORE plaintiff prays for relief as is set forth in the Prayer for Relief, below.

15

16                        **SEVENTH CAUSE OF ACTION**
                               (Battery)

17

18       As and for a Seventh Cause of Action, plaintiff alleges against the defendants, and each of
     them:

19       98,    Plaintiff hereby refers to and incorporates herein by this reference paragraphs 1 through

20   65, inclusive, as though set forth fully herein.

21       99.    On December 29, 2006, Defendant Kim and Officer Does 26 to 50, inclusive, intended

22   to make harmful and offensive contact with the plaintiff for the purpose of unlawfully removing him

23   from defendant Kim's MUNI coach and interfering with his right to access public transportation.

24       100.   The plaintiff did not consent to the above-described battery.

25       101.   As a direct, legal and proximate result of the conduct of the defendants, and each of

26   them, the plaintiff suffered harmful and offensive physical contact with his person.

27

28

WINSLOW &
HURTUBISE
730 Noe St
San Francisco
CA 94114
415-621-2131

102. As a direct, legal and proximate result of the conduct of the defendants, occurring on December 29, 2006, the plaintiff was caused to suffer personal injury, pain, suffering, severe emotional and mental distress, humiliation, public ridicule, inconvenience and general damages described above.

WHEREFORE plaintiff prays for relief as is set forth in the Prayer for Relief, below.

## EIGHTH CAUSE OF ACTION
### (False Imprisonment)

As and for a Eighth Cause of Action, plaintiff alleges against the defendants, and each of them:

103. Plaintiff hereby refers to and incorporates herein by this reference paragraphs 1 through 65, inclusive, as though set forth fully herein.

104. As a direct, legal and proximate result of the conduct of the defendants, occurring on December 29, 2006, the plaintiff was caused to suffer a loss of personal freedom of movement, personal injury, pain, suffering, severe emotional and mental distress, humiliation, public ridicule, inconvenience and general damages described above.

WHEREFORE plaintiff prays for relief as is set forth in the Prayer for Relief, below.

## NINTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress)

As and for a Ninth Cause of Action, plaintiff alleges against the defendants, and each of them:

105. Plaintiff hereby refers to and incorporates herein by this reference paragraphs 1 through 65, inclusive, as though set forth fully herein.

106. In undertaking the actions alleged above, the defendants, and each of them, intended to humiliate, embarrass, make and example of, intimidate and otherwise cause the plaintiff severe mental and emotional distress.

107. In authorizing, permitting, ratifying, encouraging and condoning Kim's conduct, as alleged above, the City and County of San Francisco either intended to harm the plaintiff or acted with callous indifference to the harm caused to the plaintiff by violation of his rights by the defendants.

108. The above-described acts of the defendants, and each of them, were outrageous, intentional, unlawful, reckless, malicious and despicable and were committed for the purpose of causing the plaintiff to suffer pain, humiliation, mental anguish, and emotional and physical distress.

WINSLOW &
HURTUBISE
230 Noe St
San Francisco
CA 94114
415-621-2131

109.   The conduct of each of these defendants in authorizing, confirming and ratifying these actions were done with the knowledge that the plaintiff's emotional and physical distress would thereby increase, and was committed with a wanton and reckless disregard for the consequences to the plaintiff and constituted malice and oppression. As a result therefore, the plaintiffs are entitled to an award of punitive damages against the non-public entity defendants pursuant to Civil Code §3294.

110.   As a direct, legal and proximate result of the conduct of the defendants, occurring on December 29, 2006, the plaintiff was caused to suffer personal injury, pain, suffering, severe emotional and mental distress, humiliation, public ridicule, inconvenience and general damages described above.

WHEREFORE plaintiff prays for relief as is set forth in the Prayer for Relief, below.

## TENTH CAUSE OF ACTION
(Negligence)

As and for a Tenth Cause of Action, plaintiff alleges against the defendants, and each of them:

111.   Plaintiff hereby refers to and incorporates herein by this reference paragraphs 1 through 65, inclusive, as though set forth fully herein.

112.   Plaintiff is informed and believes and based upon that information and belief alleges that at all relevant times defendant Kim was unqualified, unskilled and unfit for employment as a MUNI coach operator.

113.   Plaintiff is informed and believes and based upon that information and belief alleges that at all relevant times, defendant CCSF knew, or in the exercise of reasonable diligence should have known, that Kim was unqualified, unskilled and unfit for employment as a MUNI coach operator and that she and Officer Does 25 to 50, inclusive, were violating the rights of the plaintiff and other individuals similarly situated.

114.   Notwithstanding its knowledge of the ongoing unlawful conduct by the defendants, and each of them, and of Kim's lack of fitness, skill and qualification for employment as an operator of a MUNI coach defendant CCSF negligently:

   a.   Employed Kim;

   b.   Failed to supervise, train or discipline Kim;

   c.   Failed to act to stop Kim's ongoing unlawful conduct;

WINSLOW &
HURTUBISE
200 Noe St
San Francisco
CA 94114
415-621-2131

d. Failed to supervise, train or discipline officers of the San Francisco Police Department, and in particular, Officer Does 26 to 50, inclusive;

e. Failed to investigate the complaints of the plaintiff and others regarding unlawful discrimination by coach operators and the SFPD against certain classes of passengers including, but not limited to the disabled, African Americans and, in particular, African Americans with a mental disability;

f. Failed to establish lawful and rational policies and procedures to establish non-discriminatory, non-arbitrary standards and criteria to be used by MUNI operators and SFPD officers when disputes arise between members of the public and coach operators over the issue of access to public transportation.

115. As a direct, legal and proximate result of the conduct of the defendants, occurring on December 29, 2006, the plaintiff was caused to suffer personal injury, pain, suffering, severe emotional and mental distress, humiliation, public ridicule, inconvenience and general damages described above.

WHEREFORE plaintiff prays for relief as is set forth in the Prayer for Relief, below.

## ELEVENTH CAUSE OF ACTION
### (Negligent Infliction of Emotional Distress)

As and for a Eleventh Cause of Action, plaintiff alleges against the defendants, and each of them:

116. Plaintiff hereby refers to and incorporates herein by this reference paragraphs 1 through 65, 111 through 114, inclusive, as though set forth fully herein.

117. Defendants, and each of them, knew or, in the exercise of reasonable diligence, should have known, that their failure to exercise due care in providing transportation to members of the public, including the disabled and the plaintiff, would cause the plaintiff to suffer severe emotional distress.

118. As a direct, legal and proximate result of the conduct of the defendants, occurring December 29, 2006, the plaintiff was caused to suffer personal injury, pain, suffering, severe emotional and mental distress, humiliation, public ridicule, inconvenience and general damages described above.

WHEREFORE plaintiff prays for relief as is set forth in the Prayer for Relief, below.

WINSLOW &
HURTUBISE
230 Noe St
San Francisco
CA 94114
415-521-2131

## PRAYER FOR RELIEF

WHEREFORE plaintiff, Ray Michael Miles, prays for judgment against defendants, and each of them, as follows:

### First Cause of Action: Civil Rights Violation 42 U.S.C. §1983

1. For non-economic damages;

2. For economic damages;

3. For exemplary and punitive damages against defendant Marie Kim, only;

4. For costs of suit herein and attorney fees (42 U.S.C. §1988);

5. For a preliminary and permanent injunction enjoining the defendants' interference with plaintiff's access to public transportation and to establish lawful and rational standards and criteria to determine if a MUNI coach operator or the San Francisco Police have legal and just cause to interfere with a passenger's right to full access to public transportation;

6. For pre-judgment interest in an amount to be calculated at a later date;

7. For other and further relief as the court may deem just and proper.

### Second Cause of Action: Americans with Disabilities Act 42 U.S.C. §12101, et seq.

1. For non-economic damages;

2. For economic damages;

3. For exemplary and punitive damages against defendant Marie Kim, only;

4. For costs of suit herein and attorney fees pursuant to 29 U.S.C. §794(b);

5. For a preliminary and permanent injunction enjoining the defendants' interference with plaintiff's access to public transportation and to establish lawful and rational standards and criteria to determine if a MUNI coach operator or the San Francisco Police have legal and just cause to interfere with a passenger's right to full access to public transportation;

6. For pre-judgment interest in an amount to be calculated at a later date;

7. For other and further relief as the court may deem just and proper.

///

///

WINSLOW &
HURTUBISE
230 Nos St
San Francisco
CA 94114
415-621-2131

### Third Cause of Action

1. For non-economic compensatory damages;

2. For economic damages;

3. Treble damages pursuant to Civil Code §52;

4. For costs of suit herein and attorney fees pursuant to Civil Code §52(a);

5. For exemplary and punitive damages against defendant Marie Kim, only;

6. For a preliminary and permanent injunction enjoining the defendants' interference with plaintiff's access to public transportation and to establish lawful and rational standards and criteria to determine if a MUNI coach operator or the San Francisco Police have legal and just cause to interfere with a passenger's right to full access to public transportation;

7. For pre-judgment interest in an amount to be calculated at a later date;

8. For other and further relief as the court may deem just and proper.

### Fourth Cause of Action

1. For non-economic damages;

2. For economic damages;

3. For a civil penalty in the amount of $25,000 for each and every incident in which the defendants violated the plaintiff's rights under California Civil Code §51.7 pursuant to Civil Code §52(b)(2);

4. For costs of suit herein and attorney fees pursuant to Civil Code §52(b)(3);

5. For a preliminary and permanent injunction enjoining the defendants' interference with plaintiff's access to public transportation and to establish lawful and rational standards and criteria to determine if a MUNI coach operator or the San Francisco Police have legal and just cause to interfere with a passenger's right to full access to public transportation pursuant to Civil Code §52.1;

6. For exemplary and punitive damages against defendant Marie Kim, only pursuant to Civil Code §52(b)(1);

7. For pre-judgment interest in an amount to be calculated at a later date;

WINSLOW &
HURTUBISE
230 Noe St
San Francisco
CA 94114
415-621-2131

8. For other and further relief as the court may deem just and proper.

### Fifth Cause of Action

1. For non-economic damages;

2. For economic damages;

3. For treble damages in no case less than $1,000 for each and every incident in which the defendants violated the plaintiff's rights under Civil Code §54 and §54.1 pursuant to Civil Code §54.3;

4. For costs of suit herein and attorney fees pursuant to Civil Code §54.3;

5. For a preliminary and permanent injunction enjoining the defendants' interference with plaintiff's access to public transportation and to establish lawful and rational standards and criteria to determine if a MUNI coach operator or the San Francisco Police have legal and just cause to interfere with a passenger's right to full access to public transportation; pursuant to Civil Code §55;

6. For exemplary and punitive damages against defendant Marie Kim, only pursuant to Civil Code §3294;

7. For pre-judgment interest in an amount to be calculated at a later date;

8. For other and further relief as the court may deem just and proper.

///
///
///
///
///
///
///
///
///
///

WINSLOW &
HURTUBISE
230 Noe St
San Francisco
CA 94114
415-621-2131

**Sixth through Eleventh Causes of Action**

1. For non-economic damages;

2. For economic damages;

3. For costs of suit herein;

4. For exemplary and punitive damages against defendant Marie Kim pursuant to Civil Code §3294, only;

5. For pre-judgment interest in an amount to be calculated at a later date;

6. For other and further relief as the court may deem just and proper.


DATE: January 16, 2008

WINSLOW & HURTUBISE

By Gregory Winslow
Attorneys for Plaintiffs

# Alternative Dispute Resolution (ADR) Program Information Package

# Alternatives to Trial

# There are other ways to resolve a civil dispute.

The plaintiff must serve a copy of the ADR information package
on each defendant along with the complaint.  (CRC 201.9(c))

**Superior Court of California**
**County of San Francisco**

## Introduction

Did you know that most civil lawsuits settle without a trial?

And did you know that there are a number of ways to resolve civil disputes without having to sue somebody?

These alternatives to a lawsuit are known as alternative dispute resolutions (ADR). The most common forms of ADR are mediation, arbitration and case evaluation. There are a number of other kinds of ADR as well.

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediation, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help parties resolve disputes without having to go to court.

ADR is not new. ADR is available in many communities through dispute resolution programs and private neutrals.

## Advantages of ADR

ADR can have a number of advantages over a lawsuit.

- *ADR can save time.* A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.

- *ADR can save money.* Court costs, attorneys fees, and expert fees can be saved.

- *ADR can be cooperative.* This means that the parties having a dispute may work together with the neutral to resolve the dispute and agree to a remedy that makes sense to them, rather than work against each other.

- *ADR can reduce stress.* There are fewer, if any, court appearances. And because ADR can be speedier, and save money, and because the parties are normally cooperative, ADR is easier on the nerves. The parties don't have a lawsuit hanging over their heads for years.

- *ADR encourages participation.* The parties may have more chances to tell their side of the story than in court and may have more control over the outcome.

- *ADR is flexible.* The parties can choose the ADR process that is best for them. For example, in mediation the parties may decide how to resolve their dispute.

- *ADR can be more satisfying.* For all the above reasons, many people have reported a high degree of satisfaction with ADR.

# ALTERNATIVE DISPUTE RESOLUTION PROGRAMS
## Of the San Francisco Superior Court

"It is the policy of the Superior Court that every noncriminal, nonjuvenile case participate either in an early settlement conference, mediation, arbitration, early neutral evaluation or some other alternative dispute resolution process prior to a mandatory settlement conference or trial." (Superior Court Local Rule 4)

This guide is designed to assist attorneys, their clients and self-represented litigants in complying with San Francisco Superior Court's alternative dispute resolution ("ADR") policy. Attorneys are encouraged to share this guide with clients. By making informed choices about dispute resolution alternatives, attorneys, their clients and self-represented litigants may achieve a more satisfying resolution of civil disputes.

The San Francisco Superior Court currently offers three ADR programs for general civil matters; each program is described below:

1) Judicial Arbitration
2) Mediation
3) The Early Settlement Program (ESP) in conjunction with the San Francisco Bar Association.

## JUDICIAL ARBITRATION

### *Description*

In arbitration, a neutral "arbitrator" presides at a hearing where the parties present evidence through exhibits and testimony. The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case. When the Court orders a case to arbitration it is called judicial arbitration. The goal of arbitration is to provide parties with an adjudication that is earlier, faster, less formal, and usually less expensive than a trial. Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.

Although not currently a part of the Court's ADR program, civil disputes may also be resolved through private arbitration. Here, the parties

A mediator does not propose a judgment or provide an evaluation of the merits and value of the case. Many attorneys and litigants find that mediation's emphasis on cooperative dispute resolution produces more satisfactory and enduring resolutions. Mediation's non-adversarial approach is particularly effective in disputes in which the parties have a continuing relationship, where there are multiple parties, where equitable relief is sought, or where strong personal feelings exist.

### Operation

San Francisco Superior Court Local Court Rule 4 **provides three different voluntary mediation programs** for civil disputes. An appropriate program is available for all civil cases, regardless of the type of action or type of relief sought.

To help litigants and attorneys identify qualified mediators, the Superior Court maintains a list of mediation providers whose training and experience have been reviewed and approved by the Court. The list of court approved mediation providers can be found at www.sfgov.org/courts. Litigants are not limited to mediators on the court list and may select any mediator agreed upon by all parties. A mediation provider need not be an attorney.

Local Rule 4.2 D allows for mediation in lieu of judicial arbitration, so long as the parties file a stipulation to mediate within 240 days from the date the complaint is filed. If settlement is not reached through mediation, a case proceeds to trial as scheduled.

### Private Mediation

The Private Mediation program accommodates cases that wish to participate in private mediation to fulfill the court's alternative dispute resolution requirement. The parties select a mediator, panel of mediators or mediation program of their choice to conduct the mediation. The cost of mediation is borne by the parties equally unless the parties agree otherwise.

Parties in civil cases that have not been ordered to arbitration may consent to private mediation at any point before trial. Parties willing to submit a matter to private mediation should indicate this preference on the Stipulation to Alternative Dispute Resolution form or the Case Management Statement (CM-110). Both forms are attached to this packet.

## Cost

Generally, the cost of Private Mediation ranges from $200 per hour to $400 per hour and is shared equally by the parties. Many mediators are willing to adjust their fees depending upon the income and resources of the parties. Any party who meets certain eligibility requirements may ask the court to appoint a mediator to serve at no cost to the parties.

The Mediation Services of the Bar Association of San Francisco provides three hours of mediation time at no cost with a $200 per party administrative fee.

There is no charge for participation in the Judicial Mediation program.

## EARLY SETTLEMENT PROGRAM

### Description

The Bar Association of San Francisco, in cooperation with the Court, offers an Early Settlement Program ("ESP") as part of the Court's settlement conference calendar. The goal of early settlement is to provide participants an opportunity to reach a mutually acceptable settlement that resolves all or part of the dispute. The two-member volunteer attorney panel reflects a balance between plaintiff and defense attorneys with at least 10 years of trial experience.

As in mediation, there is no set format for the settlement conference. A conference typically begins with a brief meeting with all parties and counsel, in which each is given an opportunity to make an initial statement. The panelists then assist the parties in understanding and candidly discussing the strengths and weaknesses of the case. The Early Settlement Conference is considered a "quasi-judicial" proceeding and, therefore, is not entitled to the statutory confidentiality protections afforded to mediation.

### Operation

Civil cases enter the ESP either voluntarily or through assignment by the Court. Parties who wish to choose the early settlement process should indicate this preference on the status and setting conference statement.

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF SAN FRANCISCO

400 McAllister Street, San Francisco, CA  94102-4514

| | |
|---|---|
| Plaintiff | Case No. _____ |
| v. | **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION** |
| Defendant | |

The parties hereby stipulate that this action shall be submitted to the following alternative dispute resolution process:

☐ **Private Mediation**         ☐ **Mediation Services of BASF**   ☐ **Judicial Mediation**
☐ **Binding arbitration**                                                       Judge _____
☐ **Non-binding judicial arbitration**                                  Judge _____
☐ **BASF Early Settlement Program**
☐ **Other ADR process (describe)** _____

**Plaintiff(s) and Defendant(s) further agree as follows:**

_____

_____

_____

| | | |
|---|---|---|
| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| ☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | | Dated: _____ |
| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| ☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | | Dated: _____ |
| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| ☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | | Dated: _____ |

☐ *Additional signature(s) attached*

ADR-2  3/06                    STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|

TELEPHONE NO.:                    FAX NO. *(Optional)*:

E-MAIL ADDRESS *(Optional)*:

ATTORNEY FOR *(Name)*:

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**

STREET ADDRESS:

MAILING ADDRESS:

CITY AND ZIP CODE:

BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **CASE MANAGEMENT STATEMENT** | | CASE NUMBER: |
|---|---|---|
| **(Check one):** ☐ **UNLIMITED CASE** (Amount demanded exceeds $25,000) | ☐ **LIMITED CASE** (Amount demanded is $25,000 or less) | |

**A CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date:                    Time:            Dept.:            Div.:            Room:

Address of court *(if different from the address above)*:

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one)*:
   a. ☐ This statement is submitted by party *(name)*:
   b. ☐ This statement is submitted **jointly** by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date)*:
   b. ☐ The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not)*:

      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names)*:

      (3) ☐ have had a default entered against them *(specify names)*:

   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served)*:

4. **Description of case**
   a. Type of case in ☐ complaint     ☐ cross-complaint     *(describe, including causes of action)*:

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. January 1, 2007]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,
rules 3.720–3.730
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. d.   The party or parties are willing to participate in *(check all that apply):*
    (1) ☐  Mediation
    (2) ☐  Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)
    (3) ☐  Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)
    (4) ☐  Binding judicial arbitration
    (5) ☐  Binding private arbitration
    (6) ☐  Neutral case evaluation
    (7) ☐  Other *(specify):*

   e. ☐  This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.
   f. ☐  Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
   g. ☐  This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court *(specify exemption):*

11. **Settlement conference**
    ☐  The party or parties are willing to participate in an early settlement conference *(specify when):*

12. **Insurance**
    a. ☐  Insurance carrier, if any, for party filing this statement *(name):*
    b.  Reservation of rights: ☐ Yes   ☐ No
    c. ☐  Coverage issues will significantly affect resolution of this case *(explain):*

13. **Jurisdiction**
    Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.
    ☐ Bankruptcy   ☐ Other *(specify):*
    Status:

14. **Related cases, consolidation, and coordination**
    a. ☐  There are companion, underlying, or related cases.
       (1) Name of case:
       (2) Name of court:
       (3) Case number:
       (4) Status:
       ☐  Additional cases are described in Attachment 14a.
    b. ☐  A motion to   ☐ consolidate   ☐ coordinate   will be filed by *(name party):*

15. **Bifurcation**
    ☐  The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

16. **Other motions**
    ☐  The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**CASE MANAGEMENT STATEMENT**



# Superior Court of California
## County of San Francisco

**HON. DAVID BALLATI**
**PRESIDING JUDGE**

## Judicial Mediation Program

**JENIFFER B. ALCANTARA**
**ADR PROGRAM ADMINISTRATOR**

The Judicial Mediation program offers mediation of complex civil litigation by a San Francisco Superior Court judge familiar with the area of the law that is the subject of the controversy. Cases that will be considered for participation in the program include, but are not limited to professional malpractice, construction, employment, insurance coverage disputes, mass torts and complex commercial litigation. Judicial mediation offers civil litigants the opportunity to engage in early mediation of a case shortly after filing the complaint in an effort to resolve the matter before substantial funds are expended. This program may also be utilized at anytime throughout the litigation process. The panel of judges currently participating in the program includes:

The Honorable David J. Ballati
The Honorable Anne Bouliane
The Honorable Ellen Chaitin
The Honorable Robert L. Dondero
The Honorable Ernest H. Goldsmith
The Honorable Harold E. Kahn
The Honorable Patrick J. Mahoney
The Honorable Tomar Mason

The Honorable James J. McBride
The Honorable Kevin M. McCarthy
The Honorable John E. Munter
The Honorable Ronald Quidachay
The Honorable A. James Robertson, II
The Honorable John K. Stewart
The Honorable Mary E. Wiss

Parties interested in judicial mediation should file the Stipulation to Alternative Dispute Resolution form attached to this packet indicating a joint request for inclusion in the program and deliver a courtesy copy to Dept. 212. A preference for a specific judge may be indicated. The court Alternative Dispute Resolution Program Administrator will facilitate assignment of cases that qualify for the program.

Note: Space is limited. Submission of a stipulation to judicial mediation does not guarantee inclusion in the program. You will receive written notification from the court as to the outcome of your application.

Superior Court Alternative Dispute Resolution
400 McAllister Street, Room 103, San Francisco, CA 94102
(415) 551-3876

10/07 (ja)

**EXHIBIT B**

COPY

1  DENNIS J. HERRERA, State Bar #139669
   City Attorney
2  JOANNE HOEPER, State Bar #114961
   Chief Trial Deputy
3  SCOTT D. WIENER, State Bar #189266
   Deputy City Attorney
4  Fox Plaza
   1390 Market Street, 6th Floor
5  San Francisco, California 94102-5408
   Telephone:    (415) 554-4283
6  Facsimile:    (415) 554-3837

7  Attorneys for Defendant
   CITY AND COUNTY OF SAN FRANCISCO

ENDORSED
F I L E D
Superior Court of California
County of San Francisco

MAY 2 9 2008

GORDON PARK-LI, Clerk
BY: _MARY ANN MORAN_
                    Deputy Clerk

8

9            SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                    COUNTY OF SAN FRANCISCO

11  RAY M. MILES,                        Case No. CGC-08-471145

12            Plaintiff,                 **ANSWER OF DEFENDANT CITY
                                         AND COUNTY OF SAN FRANCISCO
13      vs.                              TO PLAINTIFF'S COMPLAINT FOR
                                         DAMAGES AND INJUNCTIVE
14  CITY AND COUNTY OF SAN               RELIEF**
    FRANCISCO, MARIE KIM and DOES 1
15  TO 100, inclusive,                   Date Action Filed:    January 16, 2008
                                         Trial Date:           None Set
16            Defendants.

17

18

19

20

21

22

23

24

25

26

27

28

1     Defendant City and County of San Francisco, hereby answer plaintiff's unverified complaint

2 as follows:

3     Pursuant to California Code of Civil Procedure Section 431.30, defendant denies each and

4 every allegation contained in plaintiff's complaint.

5     Defendant denies that plaintiff has been damaged in any sum or sums, or otherwise, or at all,

6 by reason of any act or omission of defendant.

7 **AFFIRMATIVE DEFENSES**

8 **First Affirmative Defense**

9     The complaint fails to state facts sufficient to constitute a cause of action against this

10 answering defendant.

11 **Second Affirmative Defense**

12     The City and County of San Francisco, a public entity, is immune from liability for

13 exemplary damages herein pursuant to the provisions of Section 818 of the California Government

14 Code.

15 **Third Affirmative Defense**

16     Plaintiff was comparatively negligent in and about the matters and activities alleged in the

17 complaint; said comparative negligence contributed to and was a proximate cause of plaintiff's

18 alleged injuries and damages, if any, or was the sole cause thereof; and if plaintiff is entitled to

19 recover damages against defendant by virtue of said complaint, defendant prays that the recovery be

20 diminished or extinguished by reason of the negligence of the plaintiff in proportion to the degree of

21 fault attributable to the plaintiff.

22 **Fourth Affirmative Defense**

23 Plaintiff assumed the risk of injury, and his claim is therefore barred.

24 **Fifth Affirmative Defense**

25     The employees involved at all times acted with probable cause and/or reasonable suspicion

26 and were therefore justified in detaining, arresting, restraining, and/or using force on Plaintiffs.

27

28

1

### Sixth Affirmative Defense

2    The employees involved acted in accordance with and pursuant to §§834, 834a 835, 835a,

3    835, and 836.5 of the California Penal Code.

4

### Seventh Affirmative Defense

5    The employees are entitled to absolute or qualified immunity.

6

### Eighth Affirmative Defense

7    Plaintiff's complaint is barred by the doctrine of res judicata and/or collateral estoppel.

8

### Ninth Affirmative Defense

9    Defendant is immune from liability because the involved employees were acting to execute

10    or enforce the law.

11

### Tenth Affirmative Defense

12    Defendant is immune from liability because the involved employees were instituting or

13    prosecuting a judicial or administrative proceeding.

14

### Eleventh Affirmative Defense

15    Any force that the involved employees used against Plaintiff was reasonable, privileged, and

16    justified in light of the circumstances at issue and in light of plaintiff's own actions and conduct.

17

### Twelfth Affirmative Defense

18    Plaintiff knowingly, voluntarily and/or willingly consented to the use of force upon his

19    person.

20

### Thirteenth Affirmative Defense

21    The City is immune for an injury to any prisoner, pursuant to Government Code section

22    844.6.

23

### Thirteenth Affirmative Defense

24    No more force was used on plaintiff's persons than was necessary to effect detention,

25    overcome any resistance thereto, prevent escape therefrom, prevent injury to the employees, and/or

26    to facilitate and safeguard a valid police investigation and/or arrest.

27

28

1

### Fourteenth Affirmative Defense

2      At all times mentioned in the complaint, the plaintiff acted in a careless, reckless, wanton and

3 negligent manner in and about the matters set forth in the complaint; such careless, reckless, wanton

4 and negligent conduct proximately contributed to the injuries and damages, if any, sustained or

5 claimed by plaintiff; and as a consequence, plaintiffs' claim is barred.

6

### Fifteenth Affirmative Defense

7      The employees, officials and agents of defendants were at all times material hereto acting

8 with both subjective and objective good faith, such that any claim for relief that plaintiff may have is

9 barred by law.

10

### Sixteenth Affirmative Defense

11      The complaint is barred by the provisions and immunities of the California Tort Claims Act,

12 without limitation:  Government Code Sections 815; 815.2; 815.3; 815.4; 815.6; 816; 818; 818.2;

13 818.4; 818.5; 818.6; 818.7; 818.8; 818.9; 820; 820.2; 820.21; 820.25; 820.4; 820.6; 820.8; 820.9;

14 821; 821.2; 821.4; 821.5; 821.6; 821.8; 822; 822.2; 823; 825; 825.4; 825.6; 827; 830; 830.1; 830.2;

15 830.4; 830.5; 830.6; 830.8; 830.9; 831; 831.2; 831.21; 831.25; 831.3; 831.4; 831.5; 831.6; 831.7;

16 831.8; 835; 835.2; 835.4; 840; 840.2; 840.4; 840.6; 844; 844.6; 845; 845.2; 845.4; 845.6; 845.8; 846;

17 850; 850.2; 850.4; 850.6; 850.8; 854; 854.2; 854.3; 854.4; 854.5; 854.8; 855; 855.2; 855.4; 855.6;

18 855.8; 856; 856.2; 856.4; 856.6; 860; 860.2; 860.4; 862; 865; 866; 867; 895; 895.2; 895.4; 895.6;

19 895.8.  Under California law, these defendants are liable only pursuant to statute.

20

### Seventeenth Affirmative Defense

21      Plaintiff failed to comply with the claims requirements with respect to suits against public

22 entities, pursuant to Government Code Sections 900-915.4, 930-951 inclusive and other applicable

23 statutes.

24

### Eighteenth Affirmative Defense

25      Plaintiff failed to comply with the statute of limitations pursuant to California Code of Civil

26 Procedure §340 and 342, and other applicable statutes.

27

28

1

### Nineteenth Affirmative Defense

2    Plaintiff failed to exercise reasonable care and diligence to mitigate plaintiffs' alleged

3    damages.

4

### Twentieth Affirmative Defense

5    Defendant alleges that the fault of persons other than defendant contributed to and

6    proximately caused any occurrence described in the Complaint, and that under the principles of

7    *American Motorcycle Ass'n v. Superior Court* (1978) 20 Cal.3d 578, the percentage of such

8    contribution should be established by special verdict or other procedure, and that defendant's

9    ultimate liability be reduced to the extent of such contribution.

10

### Twenty-First Affirmative Defense

11    In the event that defendant is found to be liable – which liability is specifically denied and

12    stated merely for the purposes of this affirmative defense – such liability, if any, for non-economic

13    damages shall be several, and not joint, pursuant to the California Fair Responsibility Act of 1986

14    (Proposition 51) as set forth in Section 1432 <u>et seq</u> of the California Civil Code.  Defendant requests

15    that the trier of fact be instructed that the amount of non-economic damages be allocated in direct

16    proportion to the percentage of fault, if any, assessed against each person or entity to which the Act

17    applies and that a separate judgment be rendered against each such person or entity in the amount of

18    such non-economic damages attributable to that person or entity.

19

### Twenty-Second Affirmative Defense

20    The provisions of the Tort Claims Act of the California Government Code as a measure of

21    the duty of defendants.

22

### Twenty-Third Affirmative Defense

23    Any injury to Plaintiff was caused by his own resistance and not by any actions of the

24    officers.

25

### Twenty-Fourth Affirmative Defense

26    Defendant presently has insufficient knowledge or information on which to form a belief as

27    to whether it may have additional, as yet unstated, defenses available.  Defendant reserves the right

28    to assert additional defenses in the event that discovery indicates that they would be appropriate.

## Twenty-Fifth Affirmative Defense

Plaintiff's federal and state disability access/discrimination claims are barred because:

1.  The Complaint is barred in that the relief sought would require the City to alter fundamentally the City's services and programs.

2.  The Complaint is barred in that the relief sought would place an undue financial and administrative burden or hardship on the City and would require unreasonable modifications to programs and services.

3.  The Complaint is barred in the plaintiffs seek relief under the Americans with Disabilities Act allegedly because of acts or omissions of City employees who are not entities within the meaning of the Act.

4.  The City has a comprehensive system or plan which is effectively providing appropriate services, programs and facilities to plaintiffs and any purported class.

5.  To the extent that the Complaint alleges entitlement to services or programs that are not being provided, plaintiff has failed to demonstrate eligibility or entitlement to such programs or services.

6.  This court lacks jurisdiction over the subject matter of this action, which is to compel a reallocation of taxpayer funds within a fixed and limited City budget to favor a few citizens over all other citizens on the basis of recommendations from indefinite and conflicting professional judgments or standards or lay opinions.

7.  The relief requested in the Complaint is barred based upon the separation of powers doctrine.

8.  The Complaint is barred because the City is not required to make structural changes in existing facilities where other methods are or would be effective to achieve compliance with applicable law.

9.  The City does not have any policy, practice, procedure, regulation or intent to deny plaintiff any clearly established federal statutory or regulatory standard.

10. The Complaint is barred in that the relief sought would inappropriately mandate the manner in which the City allocate public funds in relation to existing programs and services.

11. The Complaint is barred in that the relief sought would inappropriately require the City to allocate resources, a political judgment outside the purview of the court's authority.

12. The complaint is barred because plaintiff inappropriately seeks to predicate his claims on the City's allegedly improper allocation of public funds.

13. The complaint is barred because the City is not required to make modifications that are structurally impracticable.

14. The complaint is barred because the City is not required to make the requested modifications to historic structures.

15. The Complaint is barred because plaintiff has failed to request either reasonable accommodation or auxiliary aid(s) as contemplated by all applicable law.

16. Plaintiff does not have a private cause of action to enforce regulations promulgated under the Americans with Disabilities Act or the Rehabilitation Act.

1    WHEREFORE, defendant prays for judgment as follows:

2    1.    That plaintiff takes nothing from Defendant by plaintiff's complaint.

3    2.    That the Court dismiss plaintiff's complaint with prejudice and enter judgment in

4    favor of Defendant;

5    3.    That the Court award Defendant its attorneys fees and costs of suit herein incurred;

6    and

7    4.    That the Court award such additional relief as the Court deems just and proper.

8

9    Dated:  May 28, 2008

10

                        DENNIS J. HERRERA
11                      City Attorney
                        JOANNE HOEPER
12                      Chief Trial Deputy
                        SCOTT D. WIENER
13                      Deputy City Attorney

14

15            By:_____
16                  SCOTT D. WIENER
                    Attorneys for Defendant
17                  CITY AND COUNTY OF SAN FRANCISCO

18

19

20

21

22

23

24

25

26

27

28

1  **MILES V. CCSF, ET AL. – SF SUPERIOR COURT NO. CGC-08-471145**

2  **PROOF OF SERVICE**

3      I, HELEN LAU, declare as follows:

4      I am a citizen of the United States, over the age of eighteen years and not a party to the
within entitled action.  I am employed at the City Attorney's Office of San Francisco, Fox Plaza
5  Building, 1390 Market Street, Sixth Floor, San Francisco, CA 94102.

6      On May 29, 2008, I served the attached:

7  **ANSWER OF DEFENDANT CITY AND COUNTY OF SAN FRANCISCO TO
PLAINTIFF'S COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

8  on the interested parties in said action, by placing a true copy thereof in sealed envelope(s) addressed
as follows:

9  Gregory F. Winslow, Esq.
10  Jerry A. Hurtubise, Esq.
Winslow & Hurtubise
11  230 Noe Street
San Francisco, CA 94114
12  Telephone:  (415) 621-2131
*Attorney for Plaintiff*

13  and served the named document in the manner indicated below:

14  ☒  **BY UNITED STATES MAIL:** Following ordinary business practices, I sealed true and correct copies of the above
documents in addressed envelope(s) and placed them at my workplace for collection and mailing with the United States
15  Postal Service. I am readily familiar with the practices of the San Francisco City Attorney's Office for collecting and
processing mail. In the ordinary course of business, the sealed envelope(s) that I placed for collection would be deposited,
16  postage prepaid, with the United States Postal Service that same day.

17  ☐  **BY PERSONAL SERVICE**: I sealed true and correct copies of the above documents in addressed envelope(s) and
caused such envelope(s) to be delivered by hand at the above locations by a professional messenger service. **A
18  declaration from the messenger who made the delivery** ☐ **is attached or** ☐ **will be filed separately with the
court.**

19  ☐  **BY OVERNIGHT DELIVERY:** I sealed true and correct copies of the above documents in addressed envelope(s) and
placed them at my workplace for collection and delivery by overnight courier service. I am readily familiar with the practices
20  of the San Francisco City Attorney's Office for sending overnight deliveries. In the ordinary course of business, the sealed
21  envelope(s) that I placed for collection would be collected by a courier the same day.

22  ☐  **BY FACSIMILE:** Based on a written agreement of the parties to accept service by fax, I transmitted true and correct
copies of the above document(s) via a facsimile machine at telephone number (415) 554-3837 to the persons and the fax
numbers listed above. The fax transmission was reported as complete and without error. The transmission report was
23  properly issued by the transmitting facsimile machine, and **a copy of the transmission report** ☐ **is attached or** ☐ **will
be filed separately with the court.**

24  ☐  **BY ELECTRONIC MAIL:** I caused a copy of such document to be transmitted *via* electronic mail in portable document
25  format ("PDF") Adobe Acrobat from the electronic address: helen.s.lau@sfgov.org.

26      I declare under penalty of perjury under the laws of the State of California that the foregoing
is true and correct.

27      Executed May 29, 2008, at San Francisco, California.

28                                                  HELEN LAU

1  **MILES V. CCSF, ET AL.**

2  ## PROOF OF SERVICE

3  I, HELEN LAU, declare as follows:

4  I am a citizen of the United States, over the age of eighteen years and not a party to the within entitled action. I am employed at the City Attorney's Office of San Francisco, Fox Plaza

5  Building, 1390 Market Street, Sixth Floor, San Francisco, CA 94102.

6  On May 30, 2008, I served the attached:

7  **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441 (FEDERAL QUESTION JURISDICTION AND SUPPLEMENTAL JURISDICTION) BY DEFENDANT CITY AND COUNTY OF SAN FRANCISCO**

8  **(28 U.S.C. §§ 1441, 1446)**

9  **DEMAND FOR JURY TRIAL**

10  on the interested parties in said action, by placing a true copy thereof in sealed envelope(s) addressed as follows:

11
12  Gregory F. Winslow, Esq.
    Jerry A. Hurtubise, Esq.
    Winslow & Hurtubise

13  230 Noe Street
    San Francisco, CA 94114

14  Telephone:    (415) 621-2131
    *Attorney for Plaintiff*

15  and served the named document in the manner indicated below:

16  ☒    **BY UNITED STATES MAIL**: Following ordinary business practices, I sealed true and correct copies of the above

17  documents in addressed envelope(s) and placed them at my workplace for collection and mailing with the United States Postal Service. I am readily familiar with the practices of the San Francisco City Attorney's Office for collecting and

18  processing mail. In the ordinary course of business, the sealed envelope(s) that I placed for collection would be deposited, postage prepaid, with the United States Postal Service that same day.

19  I declare under penalty of perjury under the laws of the State of California that the foregoing

20  is true and correct.

    Executed May 30, 2008, at San Francisco, California.

21
22
23  _____
                HELEN LAU
24
25
26
27
28

Notice of Removal;
Miles v. CCSF, et al.                                        n:\lit\li2008\081256\00487421.doc