1 | DENNIS J. HERRERA, State Bar #139669
City Attorney
2 | JOANNE HOEPER, State Bar #114961
Chief Trial Deputy
3 | SCOTT D. WIENER, State Bar #189266
Deputy City Attorney
4 | 1390 Market Street, 7th Floor
San Francisco, California 94102-5408
5 | Telephone:   (415) 554-4283
Facsimile:    (415) 554-3837

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| RAY M. MILES, | Case No. CV-08-2736 CW |
|---|---|
| Plaintiff, | **ADMINISTRATIVE MOTION TO EXEMPT CASE FROM GENERAL ORDER 56; DECLARATION OF SCOTT WIENER** |
| vs. | |
| CITY AND COUNTY OF SAN FRANCISCO, MARIE KIM and DOES 1 TO 100, inclusive, | Date Action Filed:  January 16, 2008<br>Trial Date:  None Set |
| Defendants. | |

ADMINISTRATIVE MOTION;
Miles v. CCSF, et al.

1

n:\lit\li2008\081256\00491181.doc

Defendant City and County of San Francisco hereby moves that the Court exempt this case from General Order 56. In this lawsuit, Plaintiff alleges that a San Francisco Municipal Railway bus driver has wrongfully refused to allow him to board her bus. He alleges that these refusals violated his civil rights, constituted various torts under California law, and violated his rights as a disabled person under the Americans with Disabilities Act and corresponding California statutes. Plaintiff does not appear to allege any sort of physical or structural barrier that requires remediation. Rather, he simply alleges that the bus driver wrongfully refused to allow him to board the bus. The City requests that the Court take judicial notice of the complaint.

After the City removed the case, the Court issued an order pursuant to General Order 56 that requires the parties to engage in various activities — for example, a site inspection — appropriate for ADA claims alleging physical barriers to access that may require remediation. This is not such a case, and compliance with General Order 56 would be a waste of time and resources.

Accordingly, the City respectfully requests that the Court vacate its order designating this case as one that must comply with General Order 56.

Dated: June 17, 2008

                        DENNIS J. HERRERA
                        City Attorney
                        JOANNE HOEPER
                        Chief Trial Deputy
                        SCOTT D. WIENER
                        Deputy City Attorney

                          -/s/-   *Scott D. Wiener*
By:_____
                        SCOTT D. WIENER
                        Attorneys for Defendant
                        CITY AND COUNTY OF SAN FRANCISCO

**Declaration of Scott Wiener**

I, Scott Wiener, declare as follows:

1. I am a Deputy City Attorney in the Office of the San Francisco City Attorney, counsel of record to Defendant City and County of San Francisco in this lawsuit. I have personal knowledge of the contents of this declaration and could and would testify competently thereto if called upon to do so.

2. Several weeks before filing this motion, I left a voicemail for Plaintiff's counsel asking him to stipulate to removal of the case from General Order 56's requirements. Counsel left me a return voicemail, and I in turn left him a voicemail. I did not hear back from counsel thereafter. Accordingly, the City is filing this motion without a stipulation.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed on June 17, 2008, at San Francisco, California.

-/s/-  *Scott D. Wiener*

_____

Scott Wiener

Defendant City and County of San Francisco hereby moves that the Court exempt this case from General Order 56. In this lawsuit, Plaintiff alleges that a San Francisco Municipal Railway bus driver has wrongfully refused to allow him to board her bus. He alleges that these refusals violated his civil rights, constituted various torts under California law, and violated his rights as a disabled person under the Americans with Disabilities Act and corresponding California statutes. Plaintiff does not appear to allege any sort of physical or structural barrier that requires remediation. Rather, he simply alleges that the bus driver wrongfully refused to allow him to board the bus. The City requests that the Court take judicial notice of the complaint.

After the City removed the case, the Court issued an order pursuant to General Order 56 that requires the parties to engage in various activities — for example, a site inspection — appropriate for ADA claims alleging physical barriers to access that may require remediation. This is not such a case, and compliance with General Order 56 would be a waste of time and resources.

Accordingly, the City respectfully requests that the Court vacate its order designating this case as one that must comply with General Order 56.

Dated: June 17, 2008

> DENNIS J. HERRERA
> City Attorney
> JOANNE HOEPER
> Chief Trial Deputy
> SCOTT D. WIENER
> Deputy City Attorney
>
> By: _____
> SCOTT D. WIENER
> Attorneys for Defendant
> CITY AND COUNTY OF SAN FRANCISCO

## Declaration of Scott Wiener

I, Scott Wiener, declare as follows:

1. I am a Deputy City Attorney in the Office of the San Francisco City Attorney, counsel of record to Defendant City and County of San Francisco in this lawsuit. I have personal knowledge of the contents of this declaration and could and would testify competently thereto if called upon to do so.

2. Several weeks before filing this motion, I left a voicemail for Plaintiff's counsel asking him to stipulate to removal of the case from General Order 56's requirements. Counsel left me a return voicemail, and I in turn left him a voicemail. I did not hear back from counsel thereafter. Accordingly, the City is filing this motion without a stipulation.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed on June 17, 2008, at San Francisco, California.

_____
Scott Wiener